UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL L. CALLOWAY SR. And | ) | Case No. 09-16011–WV |
| LILLIE E. CALLOWAY, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| RED RIVER ROOFING AND | ) | |
| CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. No. _____ |
| | ) | |
| MICHAEL L. CALLOWAY, SR. AND | ) | |
| LILLIE E. CALLOWAY, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff, Red River Roofing and Construction, Inc., an Oklahoma corporation, for its claims against debtors/defendants, Michael L. Calloway, Sr. and Lillie E. Calloway, alleges and states as follows:

### I. Jurisdiction and Venue

1. This adversary proceeding is brought pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523(a)(2), 523(a)(6), 727(a)(2), 727(a)(3) 727(a)(4) and 727(a)(5).

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I) and (J).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(I), (J) and 1334(b).

4.      Venue in this court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending before this court. Reference of this action is from the district court to this court pursuant to 11 U.S.C. § 157(a) and Western District Rule 81.4(a)(2).

## II. Background Facts

5.      Debtors own a 4292 square foot home which they had custom built in 2000 for approximately $400,000.00. The house is located at 19445 Sportsman Road, Edmond, Oklahoma, 73013 ("Calloway Property"). In 2008, the Calloway Property was damaged by one or more hail storms. State Farm Fire and Casualty insured the property and adjusted the Calloways' damage claims.

6.      Red River Roofing was contracted to put a new roof on the Calloway Property. On or about October 15, 2008, debtor Michael L. Calloway, Sr. signed a written contract with Red River Roofing, agreeing to pay it $21,770.43 for material and labor. Defendant Michael Calloway represented to Red River Roofing that Red River Roofing would be paid from the insurance proceeds that the Debtors would be receiving. Red River Roofing properly completed the job, and invoiced Mr. Calloway on or about February 11, 2009.

7.      Mr. Calloway did not pay for the roof as agreed. On June 1, 2009, Red River Roofing sued Mr. Calloway and obtained a judgment in Oklahoma County, Case No. CJ-2009-5056 (the "Judgment"). As of the date of Debtors' bankruptcy filing (i.e., October 26, 2009), the amount owed on the judgment was $20,975.06. Pursuant to Okla. Stat. tit. 12, § 727.1(D), the Judgment accrues post-judgment interest at 18% per annum. As of March 26, 2010, the amount owed on the Judgment is $22,543.99.

8.  On October 26, 2009, Debtors filed their chapter 7 bankruptcy. Their Meeting of Creditors was held on December 9, 2009. Debtors filed the Schedules and Statement of Financial Affairs on file in this case. Red River Roofing conducted a 2004 Examination of debtor Michael Calloway on January 21, 2010.

III. First Cause of Action
(11 U.S.C. § 523(a)(2)--Michael L. Calloway, Sr. only)

For its First Cause of Action against the debtor Michael L. Calloway, Sr., Red River Roofing and Construction, Inc. hereby incorporates numbered paragraphs 5 through 8, and further alleges and states as follows:

9.  Defendant Michael L. Calloway, Sr. represented to Red River Roofing that he intended to pay, and would pay, for the roofing work with the insurance money Debtors would be receiving. However, after receiving $30,465.53 from State Farm Fire and Casualty, the Debtors spent the money on other things, including private school tuition for his son who attends St. Leo University in Saint Leo, Florida. (Mr. Calloway paid Red River Roofing only $5,000.00.)

10.  At the time of contracting and Red River Roofing's performance of the contract, Mr. Calloway knew that he did not intend to pay Red River Roofing with the insurance money as represented. Alternatively, the defendant Michael Calloway's representations to Red River Roofing that he would pay Red River Roofing with the insurance money were made by him with reckless disregard for the truth so as to be tantamount to willful misrepresentation.

11.  Debtor Michael L. Calloway, Sr. consciously intended for Red River Roofing to rely upon his representations about his intentions to pay with, and that he would in fact pay Red River Roofing with, the insurance funds. But for such false or reckless representations, Red River Roofing would not have entered into the contract and would not have reroofed the Calloway

Property. As a result of defendant Michael L. Calloway's false representations, Red River Roofing has been damaged by the amount owed on the Judgment, plus ongoing interest accruals, plus its costs and attorney fees for this action.

12. The Judgment memorializes a debt for property and services incurred by "false pretenses, a false representation, or actual fraud...." The acts and omissions of defendant Michael L. Calloway as alleged in paragraphs 5 through 11 warrant a finding by this court that the Judgment, and interest accruals on the same, be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). Plaintiff Red River Roofing also asks for such other relief on its First Cause of Action as the court deems just, to include costs and attorney fees allowed by law.

IV. Second Cause of Action
(11 U.S.C. § 727(a)(4)--Both Debtors)

For its Second Cause of Action, which is against both debtors, i.e., Michael L. Calloway, Sr. and Lillie E. Calloway, Red River Roofing and Construction, Inc. hereby incorporates numbered paragraphs 5 through 12, and further alleges and states as follows:

13. Debtors' bankruptcy Schedules A through J and Statement of Financial Affairs are on file in this case. In the Schedules and Statement of Financial Affairs, both Debtors swore to the truthfulness of statements which they knew were not true. Alternatively, Debtors swore to the truthfulness of their Schedules and Statement of Financial Affairs with reckless disregard for the truth. The falsity of Debtors' Schedules and Statement of Financial Affairs include, but are not limited to (discovery is yet to occur in this adversary), the following:

| No. | Item | Defect |
|---|---|---|
| A. | Schedule B, item No. 2 | TFCU Bank checking account ending 9737--10/26/09 balance was $1,044.49 (not $0.00 as reported); |
| B. | Schedule B, item No. 2 | One or more of the accounts listed are not Debtors' accounts, e.g., Arvest Bank checking account ending 6544, belongs to Part Time Services, LLC. |
| C. | Schedule B, items No. 9 and/or 20 | Life Insurance Policies issued by Lincoln National Life Insurance and American General Life Insurance not disclosed. |
| D. | **Schedule B, item No. 13** | **Debtors' interest in the following Oklahoma companies not disclosed:**<br><br>**A Plus Medical Care, Inc. (incorporated 6/3/96; suspended 6/17/05).**<br><br>**A Plus Medical Care of Oklahoma, Inc. (incorporated 12/19/05--active with Oklahoma Secretary of State)**<br><br>**Medical Enterprises, Inc. (incorporated 8/4/1999; active with Oklahoma Secretary of State).**<br><br>**Part-Time Services, LLC (organized 1/5/2007; terminated by Secretary of State 8/1/2009);**<br><br>**The Next Level Sports Management, Inc. (incorporated 9/5/2007; active with Oklahoma Secretary of State).**<br><br>**VEMAC, LLC (organized 2/5/2009; active with Oklahoma Secretary of State) (co-located with A Plus Medical Care of Oklahoma, and received transfer of all assets of A Plus Medical Care of Oklahoma, Inc. in January 2009).** |

| E. | **Schedule B, item No. 20** | **The following trusts not disclosed:** **Michael L. Calloway and Lillie E. Calloway Revocable Trust Dated 7-19-02.** |
|---|---|---|
| F. | Schedule F | Date of debt owed to Rebecca Schneider listed as "unknown." Date of judgment was 1/29/09. Amount incorrect - judgment amount is $16,500.00. |
| G. | Schedule F. | Debt to Green's County Club over stated ($3,284.18 paid on 9/28/09). |
| H. | Schedule F | Judgment debt owed to Red River Roofing listed as amount "unknown." Every debt listed as joint debt (??). |
| I. | Schedules F and G | Upon information and belief, Schedule F includes business debts of various companies controlled by one or both of debtors, and no co-debtors are listed (e.g., Crowe and Dunlevy; A Plus Medical Care, Inc. on the two Chrysler 300s). |
| J. | **Schedule I** | **Debtors' income materially understated, and sources of income not listed.** |
| K. | **Schedule J** | **Debtors' expenses for 20 year old son to attend (a private school) St. Leo University in Florida, not listed. Payments from March 13, 2009 through October 31, 2009 were not less than $5,776.00. 2008 tuition/fees reportedly $16,850.00. Debtors' son is in his second year there.** |
| L. | **SOFA, Item 1** | **2009 YTD employment/business income under reported;** **2008 YTD employment/business income under reported;** |
| M. | SOFA, Item 3 | Payments to Countrywide Bank in amount of $7,571.82 not listed (or alternatively, listed as owed to Bank of America). |

| N. | **SOFA, Item 3** | **Payments to Chrysler Financial were under reported, actual amount is $2,063.27.** |
|---|---|---|
| O. | SOFA, Item 4 | Schneider v. Michael Calloway, Sr., CJ-2007-5639 not listed (Michael Calloway's counterclaim dismissed and agreed judgment entered 1/29/09). |
| P. | SOFA, Item 7 | Report of charitable contributions inaccurate and/or incomplete. |
| Q. | SOFA, Item 8 | 2008 Insurance losses on Calloway Property for $30,456.63(+) not reported.<br><br>2009 Insurance Losses of $5,664.29 paid by State Farm Fire and Casualty not reported. |
| R. | **SOFA, Item 10a:** | **Assets transferred to VEMAC, LLC reportedly belonged to A Plus Medical Care of Oklahoma, Inc., not debtors.**<br><br>**Also assets were valued at $0.00, even though they were reportedly "insured."** |
| S. | SOFA, Item 10b: | Transfers to Michael L. Calloway and Lillie E. Calloway Revocable Trust Dated 7-19-02 not disclosed, to include failure to disclose transfers of Calloway Property in 2002 and 2008. |
| T. | SOFA, Item 11 | Inaccurate and/or incomplete listing of closed bank accounts, including but not limited to the fact that the listed accounts are also listed as open accounts on Schedule B, item No. 2; |
| U. | SOFA, Item 12. | Contents of Storage Building at Extra Space #5 not listed. |

| V. | SOFA, Item 18. | Failure to disclose the following companies, and requested information (for last 6 years) about:<br>Perception Consulting, Inc.<br>Perception Consulting, LLC<br>A Plus Medical Care, Inc.<br>A Plus Medical Care of Oklahoma, Inc.<br>Medical Enterprises, Inc.<br>The Next Level Sports Management, LLC<br>Part Time Services, LLC |
| --- | --- | --- |
| W. | SOFA, Item 19 | Debtors' accountants not listed. (Mr. Calloway testified at 2004 exam to having "accountants." |
| X. | | Other materially false sworn statements, and/or incomplete and/or misleading disclosures/omissions (to be determined in discovery) in Schedules and Statement of Financial Affairs, and/or in connection with this case, to include Meeting of Creditors and 2004 Exam. |

Some minor inaccuracies and minor errors are probably inherent in the process of filing bankruptcy. However, that is not the situation here. The above includes several major inaccuracies. When viewed in the aggregate and under the totality of all other circumstances known (even at the early stages of this lawsuit), even the seemingly minor inaccuracies become major and form part of a bigger picture that the Debtors schedules have not been truthful about their income, assets and true financial condition. The false oath's made in Debtors' Schedules and Statement of Financial Affairs are material and justify the global denial of both Debtors' discharge on the grounds of "false oath" under 11 U.S.C. § 727(a)(4).

14. At their meeting of creditors, Debtors also testified substantially as follows:

> (A) That their Schedules and Statement of Financial Affairs were truthful and accurate to the best of their knowledge; (B) That they have listed everything that they own and everyone that they owe money to; (C) That there are no errors or omissions in them that they need to bring to the attention of the trustee.

One or more of the above statements made at the Meeting of Creditors are materially false, and Debtors knew them to be false, or had reckless disregard for whether the statements were true. Said false statements were made knowingly and fraudulently.

15. It will also be shown at trial that the Debtors made other false statements at their Meeting of Creditors, and/or that certain of the statements are at material variance with Mr. Calloway's 2004 testimony.

16. At his 2004 examination, when asked questions designed to ascertain the true nature of Debtors' income, debts, property, and financial affairs, debtor Michael L. Calloway, Sr. knowingly and fraudulently gave certain answers that were materially false (including many "I don't know" answers). These untruthful answers include answers that are at material variance with Debtors' testimony at the Meeting of Creditors. At times, Mr. Calloway was evasive and belligerent. At the 2004 examination, Mr. Calloway testified that he was able to make up income deficit (two mortgage payments and two car payments alone exceed income) by withdrawals from his retirement account and doing odd jobs (such as mowing lawns, putting up Christmas lights, shoveling snow, raking leaves, and doing home repairs).

17. Certain of debtor Michael L. Calloway's other answers at the 2004 examination also constitute "false oaths" made in connection with this case.

For the reasons set forth in paragraph 5 through 17, Debtors should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4). Plaintiff Red River Roofing also asks for such other relief on its Second Cause of Action as the court deems just, to include costs and attorney fees allowed by law.

V. Third Cause of Action
(11 U.S.C. § 727(a)(2)--Both Debtors)

For its Third Cause of Action, which is against both Debtors, Red River Roofing and Construction, Inc. hereby incorporates numbered paragraphs 5 through 17, and further alleges and states as follows:

18.   In the course of proving that Debtors have made false oaths in connection with this case, or otherwise, it will be shown by a preponderance of the evidence that, with the intent to hinder, delay or defraud a creditor or an officer of the estate charge with custody of property under Title 11: (A) Debtors have transferred, removed, destroyed, mutilated, or concealed, property of the Debtors within one year before the date of the filing of the petition (or permitted such actions to be done); and/or (B) Debtors have transferred, removed, destroyed, mutilated, or concealed, property of the estate after the filing of the petition.

19.   The foregoing fraudulent acts to be proven include, but are not limited to, evidence that the January 2009 transfer of A Plus Medical Care Of Oklahoma, Inc.'s insured assets to VEMAC, LLC for $0.00 was fraudulent. (According to the Debtors' 2008 tax return, A Plus Medical Care of Oklahoma had $303,486.00 in sales in 2008). This transfer was intended to transfer out of the company all of its value, and otherwise attempt to place the transferred assets out of the reach of creditors and/or the bankruptcy trustee.

For the foregoing reasons, Debtors should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2). Plaintiff Red River Roofing also asks for such other relief on its Third Cause of Action as the court deems just, to include costs and attorney fees allowed by law.

VI. Fourth Cause of Action
(11 U.S.C. § 727(a)(3)--Both Debtors)

For its Fourth Cause of Action, which is against both Debtors, Red River Roofing and Construction, Inc. hereby incorporates numbered paragraphs 5 through 19, and further alleges and states as follows:

20. Debtors have failed to keep or preserve certain recorded information, including books, documents, records, and papers, from which the Debtors' true financial condition or business transactions might be ascertained. (These failures include, but are not limited to, the failure to keep a record of the VEMAC transfer, their 2008 insurance claims on the Calloway Property, and Debtors' income records and sources of income).

21. Debtors' *reported* employment/business income for the following years is as follows: (A) 2009 - $16,009.91 (YTD); (B) 2008 - $24,189.00; and, (C) 2007 - $41,468.00. In the course of proving its causes of action asserted herein, or otherwise, the court should permit discovery on the Debtors' past and present income. This should include discovery into the specifics about the nature of Debtors' Medicaid/Medicare/medical equipment businesses, and how they have obtained the credit represented by the debts listed in their schedules, and maintained the lifestyle on extremely modest income ($28,189.00 in 2008, and $16,009.91 YTD for 2009) that includes: (1) two Chrysler 300s; (2) a $400,000.00 custom built 4200 square foot home in Edmond, Oklahoma, with a tennis court; (3) A

$117,000(+) rental property; (4) A Florida time share near Disneyland; (5) An adult son receiving a private college education at Saint Leo University in Florida (for which $16,850.00 in tuition and fees were reported on the 2008 tax return); and (6) Secure the legal services of Crowe and Dunlevy and run up a bill of $399,282.26.  Upon it being shown by a preponderance of evidence that the debtors have concealed, destroyed, mutilated, falsified, or have inexcusably failed  (under the standards of § 727(a)(3)),  to  keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtors' true financial condition and/or business transactions might be ascertained, Debtors should be denied a discharge pursuant to 11 U.S.C. § 727(a)(3).

Plaintiff Red River Roofing also asks for such other relief on its Fourth Cause of Action as the court deems just, to include costs and attorney fees allowed by law.

VII. Fifth Cause of Action
(11 U.S.C. § 727(a)(5)--Both Debtors)

For its Fifth Cause of Action, which is against both Debtors, Red River Roofing and Construction, Inc. hereby incorporates paragraphs 5 through 21, and alleges and states as follows:

22. If it is shown at trial that Debtors have failed to explain satisfactorily, before determination of denial of discharge under § 727(a)(5), any loss of assets or deficiency of assets to meet the Debtor's liabilities, Debtors should be denied a discharge under 11 U.S.C. § 727(a)(5).  Plaintiff Red River Roofing also asks for such other relief on its Fifth Cause of Action as the court deems just, to include costs and attorney fees allowed by law.

Plaintiff Red River Roofing also asks for such other relief on its Fourth Cause of Action as the court deems just, to include costs and attorney fees allowed by law.

VIII. Sixth Cause of Action
(11 U.S.C. § 523(a)(6) --Both Debtors)

For its Sixth Cause of Action, which is against both Debtors, Red River Roofing and Construction, Inc. hereby incorporates paragraphs 5 through 22, and alleges and states as follows:

23.    Debtors knew or should have known that Red River Roofing had been promised payment from the insurance money they received from State Farm Fire and Casualty. Debtors knew or should have known at the time those funds were deposited into their bank account that Red River Roofing had not been paid. Debtors knew or should have known that their endorsement of that check, its deposit into a bank account, and subsequent spending of that money, would injure Red River Roofing as, according to their schedules, they had no other source of payment of Red River Roofing.

24.    Debtors did the foregoing acts knowingly and wilfully, and with the intent and/or knowledge that injury to Red River Roofing was certain to result. According, Plaintiff asks that the Judgment be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). Debtors schedule F lists Red River Roofing's debt as a "joint" debt. The court's judgment should include any relief against Lillie E. Calloway to which Red River Roofing is entitled for her role in injuring Red River Roofing.

Wherefore, on its Sixth Cause of Action, Red River Roofing asks that it have the foregoing relief under 11 U.S.C. § 523(a)(6). Red River Roofing also asks that it have such

other relief on its Sixth Cause of Action as the court deems just, to include costs and attorney fees allowed by law.

Respectfully submitted,

/s/ David L. Nunn
David L. Nunn, OBA# 14512

-Of the Firm-

DAVID L. NUNN, P.C.
PO Box 230
17 East First Street
Edmond, Oklahoma 73083-0230
(405) 330-4053
(405) 330-8470 (fax)
ATTORNEY FOR PLAINTIFF