**OFFICE OF THE SECRETARY OF STATE**



## CERTIFIED COPY

*I THE UNDERSIGNED, Secretary of State, of the State of Oklahoma do hereby certify that, to the date of this certificate, the attached is a true and correct copy of the document on file as described below of:*

**NAME OF ENTITY**
**THE NEXT LEVEL SPORTS MANAGEMENT, INC.**

| | |
|---|---|
| *DOCUMENT TYPE* | *DOCUMENT FILING DATE* |
| Certificate of Incorporation | September 05, 2007 |



*IN TESTIMONY WHEREOF, I hereunto set my hand and affixed the Great Seal of the State of Oklahoma, done at the City of Oklahoma City, this 3rd day of August, 2010.*

*M. Susan Savage*

**Secretary Of State**



**PLAINTIFF'S EXHIBIT**
**14**

**OFFICE OF THE SECRETARY OF STATE**



# CERTIFICATE OF INCORPORATION

*WHEREAS,* *the Certificate of Incorporation of*

## THE NEXT LEVEL SPORTS MANAGEMENT, INC.

*has been filed in the office of the Secretary of State as provided by the laws of the State of Oklahoma.*

*NOW THEREFORE, I, the undersigned, Secretary of State of the State of Oklahoma, by virtue of the powers vested in me by law, do hereby issue this certificate evidencing such filing.*

*IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the Great Seal of the State of Oklahoma.*



*Filed in the city of Oklahoma City this*
*5th day of September, 2007.*

*M. Susan Savage*

_____

**Secretary of State**

FILED - Oklahoma Secretary of State #1912152462 09/05/2007 08:37

# OKLAHOMA Secretary of State Electronic Filing

## DOMESTIC FOR PROFIT BUSINESS CORPORATION
Document Number: 7934800002    Submit Date: 9/5/2007

## CORPORATION NAME

The name of the corporation is:
THE NEXT LEVEL SPORTS MANAGEMENT, INC.

## PURPOSE

To engage in any lawful act or activity for which corporations may be organized under the general corporation law of Oklahoma

## FUTURE EFFECTIVE DATE

**Effective Date:**

## DURATION

Perpetual

## REGISTERED AGENT AND REGISTERED OFFICE ADDRESS

**Agent Name**
MICHAEL L CALLOWAY
**Address**
19445 SPORTSMAN ROAD
EDMOND, OK 73003 USA

## STOCK INFORMATION

| Stock Type | Shares | Par Value | Series |
|---|---|---|---|
| Common (Voting) | 50000 | $1.000000 | |

**Total Authorized Capital**
$50,000.00

## INCORPORATOR INFORMATION

| **Name** | **Title** |
|---|---|
| CHRISTIAN BRIM | Incorporator |
| **Address** | |
| 8901 COMMERCE PARK DRIVE | |
| OKLAHOMA CITY, OK 73132 USA | |

## DIRECTOR INFORMATION

| **Name** | **Title** |
|---|---|
| MICHAEL L CALLOWAY | Director |
| **Address** | |
| 19445 SPORTSMAN ROAD | |
| EDMOND, OK 73003 USA | |

| ATTACHMENTS | |
|---|---|
| **File Label** | **File Name and Path** |

## SIGNATURE

I hereby certify that the information provided on this form is true and correct to the best of my knowledge and by attaching the signature I agree and understand that the typed electronic signature shall have the same legal effect as an original signature and is being accepted as my original signature pursuant to the Oklahoma Uniform Electronic Transactions Act, Title 12A Okla. Statutes Section 15-101, et seq.

Dated - 9/5/2007

| **Corporation Name** | **Signature Name** | **Title** |
|---|---|---|
| | CHRISTIAN BRIM | CPA |

[End Of Image]



## OFFICE OF THE SECRETARY OF STATE

# CERTIFIED COPY

*I THE UNDERSIGNED, Secretary of State, of the State of Oklahoma do hereby certify that, to the date of this certificate, the attached is a true and correct copy of the document on file as described below of:*

### NAME OF ENTITY
### ALL IN ONE PROPERTY MANAGEMENT SERVICES, INC.

**DOCUMENT TYPE**
*Certificate of Incorporation*

**DOCUMENT FILING DATE**
*January 15, 2008*



*IN TESTIMONY WHEREOF, I hereunto set my hand and affixed the Great Seal of the State of Oklahoma, done at the City of Oklahoma City, this* <u>3rd</u> *day of* <u>August, 2010</u>*.*

_____
**Secretary Of State**

**PLAINTIFF'S EXHIBIT**
15

**OFFICE OF THE SECRETARY OF STATE**



# CERTIFICATE OF INCORPORATION

*WHEREAS*, the Certificate of Incorporation of

## ALL IN ONE PROPERTY MANAGEMENT SERVICES, INC.

*has been filed in the office of the Secretary of State as provided by the laws of the State of Oklahoma.*

*NOW THEREFORE, I, the undersigned, Secretary of State of the State of Oklahoma, by virtue of the powers vested in me by law, do hereby issue this certificate evidencing such filing.*

*IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the Great Seal of the State of Oklahoma.*



*Filed in the city of Oklahoma City this*
*15th day of January, 2008.*

M. Susan Savage

_____
**Secretary of State**

FILED - Oklahoma Secretary of State #1912166326 01/15/2008 11:58

## OKLAHOMA Secretary of State Electronic Filing

**CERTIFICATE OF INCORPORATION**
**DOMESTIC FOR PROFIT BUSINESS CORPORATION**
Document Number: 8695640002    Submit Date: 1/15/2008

### CORPORATION NAME

The name of the corporation is:
ALL IN ONE PROPERTY MANAGEMENT SERVICES, INC.

### PURPOSE

THE PURPOSE OF THE CORPORATION IS ANY LAWFUL ACT OR ACTIVITY FOR WHICH
CORPORATIONS MAY BE ORGANIZED UNDER THE GENERAL CORPORATION LAW OF THE
STATE OF OKLAHOMA.

### FUTURE EFFECTIVE DATE

**Effective Date:**

### DURATION

Perpetual

### REGISTERED AGENT AND REGISTERED OFFICE ADDRESS

**Agent Name**
CHRISTIAN BRIM
**Address**
8901 COMMERCE PARK DRIVE
OKLAHOMA CITY, OK 73132 USA

**Agent Name**
[No Name Provided]
**Address**
[No Address Provided]

### STOCK INFORMATION

| Stock Type | Shares | Par Value | Series |
|---|---|---|---|
| Common (Voting) | 50000 | $1.000000 | |

**Total Authorized Capital**
$50,000.00

### INCORPORATOR INFORMATION

| Name | Title |
|---|---|
| CHRISTIAN BRIM | Incorporator |
| **Address** | |
| 8901 COMMERCE PARK DRIVE | |
| OKLAHOMA CITY, OK 73132 USA | |

### DIRECTOR INFORMATION

| | |
|---|---|
| **Name**<br>MICHAEL CALLOWAY<br>**Address**<br>19445 SPORTSMAN ROAD<br>EDMOND, OK 73003 USA | **Title**<br>Director |

## ATTACHMENTS

| **File Label** | **File Name and Path** |
|---|---|

## SIGNATURE

I hereby certify that the information provided on this form is true and correct to the best of my knowledge and by attaching the signature I agree and understand that the typed electronic signature shall have the same legal effect as an original signature and is being accepted as my original signature pursuant to the Oklahoma Uniform Electronic Transactions Act, Title 12A Okla. Statutes Section 15-101, et seq.

Dated - 1/15/2008

| **Corporation Name** | **Signature Name**<br>CHRISTIAN BRIM | **Title**<br>CPA |
|---|---|---|

[End Of Image]

## OFFICE OF THE SECRETARY OF STATE



## CERTIFIED COPY

*I THE UNDERSIGNED, Secretary of State, of the State of Oklahoma do hereby certify that, to the date of this certificate, the attached is a true and correct copy of the document on file as described below of:*

### NAME OF ENTITY
### PERCEPTION CONSULTING, INC.

*DOCUMENT TYPE*
Certificate of Incorporation

*DOCUMENT FILING DATE*
February 21, 2008



*IN TESTIMONY WHEREOF, I hereunto set my hand and affixed the Great Seal of the State of Oklahoma, done at the City of Oklahoma City, this 3rd day of August, 2010.*

*Secretary Of State*



PLAINTIFF'S
EXHIBIT
16

**OFFICE OF THE SECRETARY OF STATE**



## CERTIFICATE OF INCORPORATION

*WHEREAS,* the Certificate of Incorporation of

### PERCEPTION CONSULTING, INC.

*has been filed in the office of the Secretary of State as provided by the laws of the State of Oklahoma.*

*NOW THEREFORE, I, the undersigned, Secretary of State of the State of Oklahoma, by virtue of the powers vested in me by law, do hereby issue this certificate evidencing such filing.*

*IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the Great Seal of the State of Oklahoma.*



*Filed in the city of Oklahoma City this*
*21st day of February, 2008.*

*Secretary of State*

FILED - Oklahoma Secretary of State #1912170281 02/21/2008 15:34

# OKLAHOMA Secretary of State Electronic Filing

**CERTIFICATE OF INCORPORATION**
**DOMESTIC FOR PROFIT BUSINESS CORPORATION**
Document Number: 8935340002    Submit Date: 2/21/2008

## CORPORATION NAME

The name of the corporation is:
PERCEPTION CONSULTING, INC.

## PURPOSE

THE PURPOSE OF THE CORPORATION IS ANY LAWFUL ACT OR ACTIVITY FOR WHICH
CORPORATIONS MAY BE ORGANIZED UNDER THE GENERAL CORPORATION LAW OF THE
STATE OF OKLAHOMA.

## FUTURE EFFECTIVE DATE

**Effective Date:**

## DURATION

Perpetual

## REGISTERED AGENT AND REGISTERED OFFICE ADDRESS

**Agent Name**
CHRISTIAN BRIM
**Address**
8901 COMMERCE PARK DRIVE
OKLAHOMA CITY, OK 73132 USA

## STOCK INFORMATION

| Stock Type | Shares | Par Value | Series |
|---|---|---|---|
| Common (Voting) | 50000 | $1.000000 | |

**Total Authorized Capital**
$50,000.00

## INCORPORATOR INFORMATION

| **Name** | **Title** |
|---|---|
| CHRISTIAN BRIM | Incorporator |

**Address**
8901 COMMERCE PARK DRIVE
OKLAHOMA CITY, OK 73132 USA

## DIRECTOR INFORMATION

| **Name** | **Title** |
|---|---|
| MICHAEL CALLOWAY | Director |

**Address**
2801 COLTRANE PLACE, SUITE 2
EDMOND, OK 73034 USA

## ATTACHMENTS

**File Label**                    **File Name and Path**

## SIGNATURE

I hereby certify that the information provided on this form is true and correct to the best of my knowledge and by attaching the signature I agree and understand that the typed electronic signature shall have the same legal effect as an original signature and is being accepted as my original signature pursuant to the Oklahoma Uniform Electronic Transactions Act, Title 12A Okla. Statutes Section 15-101, et seq.

Dated - 2/21/2008

**Corporation Name**              **Signature Name**              **Title**
                                  CHRISTIAN BRIM                  CPA

[End Of Image]

## OFFICE OF THE SECRETARY OF STATE



## CERTIFIED COPY

*I THE UNDERSIGNED, Secretary of State, of the State of Oklahoma do hereby certify that, to the date of this certificate, the attached is a true and correct copy of the document on file as described below of:*

**NAME OF ENTITY**
**PERCEPTION CONSULTING, LLC**

**DOCUMENT TYPE**
*Articles of Conversion*

**DOCUMENT FILING DATE**
*September 11, 2008*



*IN TESTIMONY WHEREOF, I hereunto set my hand and affixed the Great Seal of the State of Oklahoma, done at the City of Oklahoma City, this 3rd day of August, 2010.*

*M. Susan Savage*

***Secretary Of State***



**PLAINTIFF'S EXHIBIT**

17

**OFFICE OF THE SECRETARY OF STATE**




## CERTIFICATE OF CONVERSION

*WHEREAS,*

### PERCEPTION CONSULTING, LLC

*a domestic limited liability company organized under the laws of the State of OKLAHOMA has filed in the office of the Secretary of State duly authenticated evidence of a conversion, as provided by the laws of the State of Oklahoma.*

*NOW THEREFORE, I, the undersigned Secretary of State of Oklahoma, by virtue of the powers vested in me by law, do hereby issue this Certificate evidencing such conversion.*

*IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the Great Seal of the State of Oklahoma.*



*Filed in the city of Oklahoma City this*
<u>*11th*</u> *day of* <u>*September, 2008*</u>*.*

*M. Susan Savage*

**Secretary of State**

FILED - Oklahoma Secretary of State #3512202553 09/11/2008 16:20

*CERTIFICATE OF CONVERSION*

## RESOLUTION TO CHANGE ORGANIZATIONAL STRUCTURE
## FROM CORPORATION TO LIMITED LIABILITY COMPANY

Corporation Name: **PERCEPTION CONSULTING, INC.**
Business Address: 2801 Coltrane Place, Suite 2
*Edmond* ~~Bethany~~, Oklahoma ~~73008~~ *73034*
Mailing Address: P.O. Box 1296
Edmond, Oklahoma  73083

The Board of Directors of Perception Consulting, Inc., do hereby certify that a special meeting of the Stockholders and Board of Directors of the above-named corporation was held in accordance with the Certificate of Incorporation duly filed with the Secretary of State, State of Oklahoma, and the by-laws of said corporation previously adopted, and the following minutes were unanimously adopted as appears from the records of Perception Consulting, Inc.

BE IT RESOLVED, by the Board of Directors of Perception Consulting, Inc.;

That Perception Consulting, Inc, shall be reorganized into a limited liability company under the laws of the State of Oklahoma, and that Articles of Organization shall be filed the Secretary of State creating a limited liability company to be known as **Perception Consulting, LLC.**

IN WITNESS HEREOF, I have hereunto subscribed my name, Michael Calloway, as sole Stockholder and Director of Perception Consulting, Inc., and do hereby certify that the foregoing is a correct copy of a minute passed as herein set forth.

For the Board of Directors:

Michael Calloway, Director/President

DATE OF ORIGINAL FILING:
2/21/08

09/11/2008  04:00 PM
OKLAHOMA SECRETARY OF STATE

SOS

10409760004

```
FILING FEE: $100.00

PRINT CLEARLY
```

# ARTICLES OF ORGANIZATION
## OF AN
## OKLAHOMA LIMITED LIABILITY COMPANY

**TO: OKLAHOMA SECRETARY OF STATE**
2300 N Lincoln Blvd., Room 101, State Capitol Building
Oklahoma City, Oklahoma 73105-4897
(405) 521-3912

The undersigned, for the purpose of forming an Oklahoma limited liability company pursuant to the provisions of 18 O.S., Section 2004, does hereby execute the following articles:

1.     The name of the limited liability company (**Note:** The name **must** contain either the words **limited liability company** or **limited company** or the abbreviations **LLC, LC, L.L.C.** or **L.C.** The word limited may be abbreviated as Ltd. and the word Company may be abbreviated as Co.):

_____ PERCEPTION CONSULTING, LLC _____

2.     The street address of its principal place of business, wherever located:

2801 COLTRANE PLACE, SUITE 2,    EDMOND    OK    73034
     Street address      City      State      Zip Code

3.     The name and street address of the resident agent in the state of Oklahoma:

STEPHEN DYER   6444 NW EXPRESSWAY, SUITE 253E, OKLAHOMA CITY, OK 73132
     Name      Street Address      City      State      Zip Code
             (P.O. Boxes are **not** acceptable.)

4.     The term of existence: _____ PERPETUAL _____

**Articles of organization must be signed by at least one person who need not be a member of the limited liability company.**

                Dated: _____ 9-11-08 _____

Signature: _____ /s/ _____

Type or Print Name: _____ STEPHEN E. DYER _____

Address: _____ 6444 NW EXPRESSWAY, SUITE 253E, OKLAHOMA CITY, OK 73132 _____

                                         (SOS FORM 0073-11/99)

## OFFICE OF THE SECRETARY OF STATE



**STATE OF OKLAHOMA**

## CERTIFIED COPY

**I THE UNDERSIGNED**, *Secretary of State, of the State of Oklahoma do hereby certify that, to the date of this certificate, the attached is a true and correct copy of the document on file as described below of:*

**NAME OF ENTITY**
**ALL IN ONE PROPERTY MANAGEMENT SERVICES, LLC**

**DOCUMENT TYPE**
*Articles of Conversion*

**DOCUMENT FILING DATE**
*September 11, 2008*



*IN TESTIMONY WHEREOF, I hereunto set my hand and affixed the Great Seal of the State of Oklahoma, done at the City of Oklahoma City, this 3rd day of August, 2010.*

_____
**Secretary Of State**

**PLAINTIFF'S
EXHIBIT
18**



## OFFICE OF THE SECRETARY OF STATE

# CERTIFICATE OF CONVERSION

**WHEREAS,**
### ALL IN ONE PROPERTY MANAGEMENT SERVICES, LLC

*a domestic limited liability company organized under the laws of the State of OKLAHOMA has filed in the office of the Secretary of State duly authenticated evidence of a conversion, as provided by the laws of the State of Oklahoma.*

*NOW THEREFORE, I, the undersigned Secretary of State of Oklahoma, by virtue of the powers vested in me by law, do hereby issue this Certificate evidencing such conversion.*

*IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the Great Seal of the State of Oklahoma.*



*Filed in the city of Oklahoma City this 11th day of September, 2008.*

_____

*Secretary of State*

FILED - Oklahoma Secretary of State #3512202552 09/11/2008 16:17

CERTIFICATE OF CONVERSION

## RESOLUTION TO CHANGE ORGANIZATIONAL STRUCTURE
## FROM CORPORATION TO LIMITED LIABILITY COMPANY

**Corporation Name:** **ALL IN ONE PROPERTY MANAGEMENT SERVICES, INC.**
**Business Address:** 2801 Coltrane Place, Suite 2
*Edmond* ~~Bethany~~, Oklahoma ~~73008~~ 73034
**Mailing Address:** P.O. Box 1296
Edmond, Oklahoma  73083

The Board of Directors of All In One Property Management Services, Inc., do hereby certify that a special meeting of the Stockholders and Board of Directors of the above-named corporation was held in accordance with the Certificate of Incorporation duly filed with the Secretary of State, State of Oklahoma, and the by-laws of said corporation previously adopted, and the following minutes were unanimously adopted as appears from the records of All In One Property Management Services, Inc.

BE IT RESOLVED, by the Board of Directors of All In One Property Management Services, Inc.;

That All In One Property Management Services, Inc, shall be reorganized into a limited liability company under the laws of the State of Oklahoma, and that Articles of Organization shall be filed the Secretary of State creating a limited liability company to be known as **All In One Property Management Services, LLC.**

IN WITNESS HEREOF, I have hereunto subscribed my name, Michael Calloway, as sole Stockholder and Director  of  All In One Property Management Services, Inc., and do hereby certify that the foregoing is a correct copy of a minute passed as herein set forth.

For the Board of Directors:

DATE OF ORIGINAL FILING:
1/15/08

_____
Michael Calloway, Director/President

09/11/2008  04:00 PM
OKLAHOMA SECRETARY OF STATE

SOS

10409760003

**FILING FEE: $100.00**

**PRINT CLEARLY**

# ARTICLES OF ORGANIZATION
## OF AN
## OKLAHOMA LIMITED LIABILITY COMPANY

**TO: OKLAHOMA SECRETARY OF STATE**
    2300 N Lincoln Blvd., Room 101, State Capitol Building
    Oklahoma City, Oklahoma 73105-4897
    (405) 521-3912

      The undersigned, for the purpose of forming an Oklahoma limited liability company pursuant to the provisions of 18 O.S., Section 2004, does hereby execute the following articles:

1.    The name of the limited liability company (Note: The name **must** contain either the words **limited liability company** or **limited company** or the abbreviations **LLC, LC, L.L.C.** or **L.C.** The word limited may be abbreviated as **Ltd.** and the word Company may be abbreviated as Co.):

    *ALL IN ONE PROPERTY MANAGEMENT SERVICES, LLC*

2.    The street address of its principal place of business, wherever located:

    *2801 COLTRANE PLACE, SUITE 2*    *EDMOND*    *OK*    *73034*
    Street address    City    State    Zip Code

3.    The name and street address of the resident agent in the state of Oklahoma:

    *STEPHEN DYER*    *6444 NW EXPRESSWAY, SUITE 253 E, OKLAHOMA CITY, OK*    *73132*
    Name    Street Address    City    State    Zip Code
    (P.O. Boxes are **not** acceptable.)

4.    The term of existence:     *PERPETUAL*

**Articles of organization must be signed by at least one person who need not be a member of the limited liability company.**

    Dated:     *9-11-08*

Signature:     *[signature]*

Type or Print Name:     *STEPHEN E. DYER*

Address:     *6444 NW EXPRESSWAY, SUITE 253 E, OKLAHOMA CITY, OK 73132*

(SOS FORM 0073-11/99)



# Arkansas Secretary of State
# Charlie Daniels

State Capitol Building ♦ Little Rock, Arkansas 72201-1094 ♦ 501.682.3409

I, Charlie Daniels, Secretary of State of the State of Arkansas, and as such, keeper of the records of domestic and foreign corporations, do hereby certify that the following and hereto attached instrument of writing is a true and perfect copy of

## All Corporate records on file for

## A PLUS MEDICAL CARE OF ARKANSAS, INC.

**In Testimony Whereof,** I have hereunto set my hand and affixed my official Seal. Done at my office in the City of Little Rock, this 17th day of August 2010.



Charlie Daniels
Secretary of State

By: Butler

J. Butler



PLAINTIFF'S
EXHIBIT

19

Arkansas Secretary of State - Document No.: 131480900002 - Date Filed: 09/19/2006 11:24 AM - Total Pages: 2

# CERTIFIED COPY

# Arkansas Secretary of State

## Charlie Daniels

State Capitol • Little Rock, Arkansas 72201-1094
501-682-3409 • www.sos.arkansas.gov

**Instructions:** File with the Arkansas Secretary of State's Business Services Division, State Capitol Little Rock, Arkansas 72201-1094 with payment of fee. A copy will be returned to the Corporation at the listed address.

## PLEASE TYPE OR CLEARLY PRINT IN INK

# ARTICLES OF INCORPORATION

The undersigned acting as incorporators of a corporation under the Arkansas Business Corporation Act (Act 958 of 1987), adopt the following Articles of Incorporation of such Corporation:

**First:** The name of the Corporation is:

*A Plus Medical Care of Arkansas, Inc.*

Must contain the words "Corporation", "Incorporated", "Company", "Limited", or the abbreviation "Corp.", "Inc.", "Co.", or "Ltd." or words or abbreviations of like import in another language.

**Second:** The number of shares which the Corporation shall have the authority to issue is

*100,000* _____ share(s).    The par value of each share is *$1.00* _____ .

The designation of each class, the number of shares of each class, or a statement that the shares of any class are without par value, are as follows:

| Number of Shares | Class | Series (if any) | Par Value Per Share Or Statement That Shares Are Without Par Value |
|---|---|---|---|
| *100,000* | *Common* | | *$1.00* |

**Third:** The street address of the initial registered office of this Corporation shall be located at _____

*1505 Summerwood Lane Texarkana, AR 71854*

and the name of the initial registered agent of this Corporation at that address is

*Reginald McElroy*

Filing Fee $50.00                                                    DN-01 Rev. 4/06

CERTIFIED COPY

**Fourth:** The name and address of each Incorporator is as follows:

| NAME | ADDRESS |
|------|---------|
| CHRISTIAN BRIM | 8901 COMMERCE PARK DR OKC OK 73132 |

**Fifth:** The nature of the business of the corporation and the object or purposes proposed to be transacted, promoted or carried on by it, are as follows:

(a) The primary purpose of the Corporation shall be _MEDICAL EQUIPMENT SALES_

(b) To conduct any business enterprise not contrary to law.

(c) To exercise all of the powers enumerated in Section 4-27-302 of the Arkansas Business Corporation Act.

**Sixth:** EXECUTED this _8th_ day of _SEPTEMBER_ _2006_.

I understand that knowingly signing a false document with the intent to file with the Arkansas Secretary of State is a Class C misdemeanor and is punishable by a fine up to $100.00 and/or imprisonment up to 30 days.

_Christian Brim, CPA_     _CB — CPA_
Authorizing Officer (Type or Print)     Authorized Signature and Title

**OFFICE OF THE SECRETARY OF STATE**



## CERTIFICATE

*I, THE UNDERSIGNED, Secretary of State of the State of Oklahoma, do hereby certify that I am, by the laws of said state, the custodian of the records of the state of Oklahoma relating to the right of corporations to transact business in this state and am the proper officer to execute this certificate.*

*I FURTHER CERTIFY that THE NEXT LEVEL SPORTS MANAGEMENT, INC., was granted a charter on the 5th day of September, 2007, a corporation duly organized and existing under and by virtue of the laws of the State of Oklahoma.*

*I FURTHER CERTIFY that, MICHAEL L CALLOWAY whose address is 19445 SPORTSMAN ROAD  EDMOND OK 73003 is the registered agent for service of process for said corporation.*

*I FURTHER CERTIFY that THE NEXT LEVEL SPORTS MANAGEMENT, INC., is a Domestic For Profit Business Corporation duly organized and existing under and by virtue of the laws of the state of Oklahoma and is in good standing according to the records of this office. This certificate is not to be construed as  an endorsement, recommendation or notice of approval of the entity's financial condition or business activities and practices. Such information is not available from this office.*



**PLAINTIFF'S EXHIBIT**

20



**IN TESTIMONY WHEREOF, I** *hereunto set my hand and affixed the Great Seal of the State of Oklahoma, done at the City of Oklahoma City, this* 23rd, *day of* August, 2010.

_____
**Secretary Of State**



# Arkansas Secretary of State
# Charlie Daniels

State Capitol Building ♦ Little Rock, Arkansas 72201-1094 ♦ 501.682.3409

I, Charlie Daniels, Secretary of State of the State of Arkansas, and as such, keeper of the records of domestic and foreign corporations, do hereby certify that the following and hereto attached instrument of writing is a true and perfect copy of

## All Corporate records on file for

## MACSCO LLC

**In Testimony Whereof,** I have hereunto set my hand and affixed my official Seal. Done at my office in the City of Little Rock, this 7th day of September 2010.



Charlie Daniels
Secretary of State

By: _____
J. Butler

**PLAINTIFF'S
EXHIBIT**
21

Arkansas Secretary of State - Document No.: BS91090082 - Date Filed: 02/28/2007 03:09 PM - Total Pages: 1

# CERTIFIED COPY

The undersigned authorized manager or member or person forming this Limited Liability Company under the Small Business Entity Tax Pass Through Act, Act 1003 of 1993, adopts the following Articles of Organization of such Limited Liability Company:

**First:** **The Name of the Limited Liability Company is:**

### MACSCO LLC

Must contain the words "Limited Liability Company," "Limited Company," or the abbreviation "L.L.C.," "L.C.," "LLC," or "LC." The word "Limited" may be abbreviated as "Ltd.", and the "Company" may be abbreviated as "Co." Companies which perform Professional Service **MUST** additionally contain the words "Professional Limited Liability Company," "Professional Limited Company," or the abbreviations "P.L.L.C.," "P.L.C.," "PLLC," or "PLC" and may not contain the name of the person who is not a member except that of a deceased member. The word "Limited" may be abbreviated as "Ltd." and the word "Company" may be abbreviated as "Co."

**Second:** **Address of registered office of the Limited Liability Company which may be, but need not be, the place of business shall be:**

| | |
|---|---|
| **Street Address:** | 5805 SUMMERWOOD LANE |
| **City:** | TEXARKANA |
| **State:** | AR          **ZIP:**   71854- |

**Third:** **The name of the registered agent and the physical business address of said agent shall be:**

| | |
|---|---|
| **Name:** | REGINALD MCELROY |
| **Street Address:** | 5805 SUMMERWOOD LANE |
| **City:** | TEXARKANA |
| **State:** | AR          **ZIP:**   71854- |

**Fourth:** **IF THE MANAGEMENT OF THIS COMPANY IS VESTED IN A MANAGER OR MANAGERS, A STATEMENT TO THAT EFFECT MUST BE INCLUDED IN THE SPACE PROVIDED OR BY ATTACHMENT:**

The Name of the person(s) authorized to execute this document:

Name 1:  REGINALD MCELROY

Name 2:

Name 3:

Signature of authorized manager, member or person forming this Company:

REGINALD MCELROY

# Tinker Federal Credit Union
## Account Agreement

**Primary Owner:**         Account # ████████ 0248

*Please PRINT all information:*

| Michael | L | Calloway | | |
|---|---|---|---|---|
| First Name | Middle Initial | Last Name | Social Security Number | Date of Birth |
| 19445 Sportmans Rd | | Edmond | OK 73012 | U.S.A |
| Street Address | | City | State Zip Code | Country of Residence |
| SELF EMPLOYED | | MEDICAL SALES | 405-417-3128 | 405-330-1245 |
| Employer | | Occupation | Work Phone | Home Phone |
| MCELROY | | | | |
| Mother's Maiden Name | | | E-Mail Address | |

### Joint Owners / Beneficiaries / Trustees / or Other Designation:

**1.**

| TILLIE | E | CALLOWAY | | |
|---|---|---|---|---|
| First Name | Middle Initial | Last Name | Social Security Number | Date of Birth |
| 19445 SPORTMANS RD | | EDMOND | OK 73012 | U.S.A |
| Street Address | | City | State Zip Code | Country of Residence |
| UNEMPLOYED | | OFFICE MGR | 405-417-3129 | 405-330-1245 |
| Employer | | Occupation | Work Phone | Home Phone |

(mark one) [X] Joint Owner   [ ] Beneficiary % ___   [ ] Contingent Beneficiary % ___   [ ] Trustee   [ ] Other (title) ___

**2.**

| | | | | |
|---|---|---|---|---|
| First Name | Middle Initial | Last Name | Social Security Number | Date of Birth |
| Street Address | | City | State Zip Code | Country of Residence |
| Employer | | Occupation | Work Phone | Home Phone |

(mark one) [ ] Joint Owner   [ ] Beneficiary % ___   [ ] Contingent Beneficiary % ___   [ ] Trustee   [ ] Other (title) ___

**3.**

| | | | | |
|---|---|---|---|---|
| First Name | Middle Initial | Last Name | Social Security Number | Date of Birth |
| Street Address | | City | State Zip Code | Country of Residence |
| Employer | | Occupation | Work Phone | Home Phone |

(mark one) [ ] Joint Owner   [ ] Beneficiary % ___   [ ] Contingent Beneficiary % ___   [ ] Trustee   [ ] Other (title) ___

### TIN Certification and Backup Withholding Information:

By signing below, (unless designated below) under penalties of perjury, I certify that:

1. [X] The number shown on this form is my correct taxpayer identification number, and

2. [X] A) I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
or B) [ ] I am subject to backup withholding, and

3. A) [X] I am a U.S. person/citizen which includes U.S. resident alien   or B) [ ] I am a non-resident alien

By signing below, I/we also agree to the terms and conditions of the Share Account, Truth-In-Savings rate and fee disclosures, Electronic Funds Transfer Agreement, Funds Availability Policy Disclosure, and to any amendment the Credit Union makes from time to time, all of which are incorporated herein by reference. I/We acknowledge receipt of a copy of the Share Account Terms and Conditions and privacy rights and disclosures applicable to the accounts and services requested herein. I/we authorize TFCU to check my/our account, credit and employment history and obtain reports from third parties, including credit reporting agencies, to verify my/our eligibility for accounts and services. Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may ask to see your driver's license or other identifying documents. The Internal Revenue Service does not require you to consent to any provision of this document other than the certification required to avoid backup withholding.

| _[signature]_ | 03/13/2009 | _[signature]_ | 03/13/2009 |
|---|---|---|---|
| Signature   MICHAEL L CALLOWAY | Date | Signature   TILLIE E CALLOWAY | Date |
| Signature | Date | Signature | Date |

### To be completed by TFCU Member Service Representative:

**Account Type**

| Share Type | Checking Type | Ownership | IRA Type |
|---|---|---|---|
| [X] Primary Share | [ ] Advantage Checking | [ ] Sole Ownership | [ ] IRA Shares |
| [ ] Secondary Share | [ ] Shared Checking | [X] Joint Tenancy | |
| [ ] Command Fund | [ ] Heritage Checking | [ ] Payable on Death | |
| [ ] Premium Plus | [ ] Free Checking | [ ] Organization [ ] Not Incorp'd | **Overdraft Protection** |
| [ ] Christmas Club | [ ] Student Checking | [ ] Trust | [X] No Overdraft |
| [ ] Mega Moola | [ ] Organization Checking | [ ] Estate | 1. ___ |
| | [ ] Club Checking | [ ] Court Ordered | 2. ___ |
| | [ ] Reconnect Checking | [ ] UGMA | 3. ___ |
| | | [ ] Conservator/Guardianship | 4. ___ |

**Date** 03/13/09    5. ___

Member Eligibility ___ / _TAEB_    [X] New Account    6. ___

Teller # 1617 Initials BK    [ ] Account Change    Change Made ___    For _[initials]_

[ ] Additional Joint Owners on Attached Page

**PLAINTIFF'S EXHIBIT**

22

_tabbies_

TRM129 A7/02

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) APMC, INC., d/b/a A PLUS MEDICAL OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>(1) MICHAEL FOGARTY, Chief Executive Officer of the Oklahoma Health Care Authority; (2) LYNN MITCHELL, M.D., State Medicaid Director; (3) KELLY SHROPSHIRE, Auditor for the Oklahoma Health Care Authority, sued in their official and individual capacities,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) |

## COMPLAINT

For its Complaint under 42 U.S.C. § 1983, Plaintiff, APMC, Inc., d/b/a A Plus

Medical of Oklahoma ("A Plus"), a provider of pediatric diabetic supplies, alleges that

Defendants, officials for the Oklahoma Health Care Authority ("the OHCA"), acting

under color of state law have deprived A Plus of its rights, privileges, and immunities

under federal law, specifically the United States Constitution and the Medicaid Act, 42

U.S.C. § 1396.  These violations arise from Defendants' (1) withholding of Medicaid

payment owed to A Plus, (2) recoupment of Medicaid funds owed to A Plus, and (3)

termination of A Plus' contract in retaliation for A Plus' insistence on compliance with

federal law.  Additionally, Defendants have violated state law through their defamation of



PLAINTIFF'S
EXHIBIT
23

and interference with the business of A Plus; fraudulent concealment; and wrongful and bad faith termination of A Plus' contract. A Plus further alleges as follows:

## PARTIES

1.      Plaintiff, A Plus, is an Oklahoma corporation that has operated under contract with the OHCA since 1999 to provide durable medical equipment and medical supplies to Oklahoma Medicaid recipients. A Plus specializes in providing pediatric diabetic supplies.

2.      The OHCA and Defendants have a policy and practice of withholding and recouping Medicaid payment owed to A Plus and terminating A Plus' Contract, all without justification and in violation of federal law.

3.      Defendant Michael Fogarty ("Fogarty") is sued in his official capacity as the Chief Executive Officer of the OHCA and in his individual capacity. As Chief Executive Officer of the OHCA, Fogarty is responsible for ensuring Oklahoma's Medicaid program complies with federal and state law and regulations. Fogarty directly and indirectly controls, personally participated in, and is responsible for the policies and practices of the OHCA and at all relevant times has acted under color of state law.

4.      Defendant Lynn Mitchell, M.D. ("Mitchell") is sued in her official capacity as the State Medicaid Director for the OHCA and in her individual capacity. Mitchell directly and indirectly controls, personally participated in, and is responsible for the policies and practices of the OHCA and at all relevant times has acted under color of state law.

2

5.     Defendant Kelly Shropshire ("Shropshire") is sued in his official capacity as an auditor for the OHCA and in his individual capacity.  Shropshire directly and indirectly controls, personally participated in, and is responsible for the policies and practices of the OHCA and at all relevant times has acted under color of state law.

### JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over A Plus' federal claims under 28 U.S.C. §§ 1331 and 1343(a)(3).  A Plus' action is brought pursuant to 42 U.S.C. § 1983 to redress deprivation of its federal rights under the United States Constitution and the Medicaid Act, 42 U.S.C. § 1396.  This Court has supplemental jurisdiction over A Plus' state law claims pursuant to 28 U.S.C. § 1367.

7.     A Plus has Constitutional rights to procedural and substantive due process of law and equal protection of the law under the Fourteenth Amendment, to be free from governmental taking without just compensation under the Fifth Amendment, and to be free from impairment of its obligations of contract under Article I, § 10.

8.     A Plus also has federal statutory rights as a Medicaid provider to payment for its services under 42 U.S.C. §§ 1396a(a)(8), 1396a(a)(10), and 1396a(a)(32), and to be free from withholding of Medicaid payment under 42 C.F.R. § 455.23 absent "reliable evidence" of fraud; and to fair process under 42 U.S.C. §§ 1396a(a)(3) and 1396a(a)(37), as well as five days notice prior to withholding of Medicaid funds under 42 C.F.R. § 455.23.

9.     Defendants are sued in their official capacity for prospective equitable relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908), and thus do not possess sovereign immunity from suit under the Eleventh Amendment.

10.     Defendants also are sued in their individual capacities for actions taken outside the scope of their authority. The Eleventh Amendment does not apply at all to A Plus' action against Defendants in their individual capacities. Neither do Defendants possess federal common law immunity from suit for their actions in their individual capacities since Defendants acted outside the scope of their authority and/or violated mandatory provisions of federal law.

11.     A Plus need not exhaust any administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983. *See Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 522 (1990).

12.     Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b). The events giving rise to this claim occurred in the Western District of Oklahoma.

## BACKGROUND

13.     Congress created Medicaid in 1965 to provide certain medical and health services to the financially needy. Medicaid is a cooperative state-federal program that is operated in compliance with state plans that must satisfy specific minimum federal requirements. Each year a state must submit to the federal government its plan to distribute Medicaid funds it receives from the federal government. After the federal

government approves a state's Medicaid plan, the state is eligible to receive federal matching funds for expenditures made pursuant to the state plan.

14.    States that choose to participate in the Medicaid program must designate a single state agency to administer the program.  The OHCA is the designated Medicaid agency for the State of Oklahoma.  *See* 63 Okla. St. § 5003.

15.    A state need not participate in the Medicaid program, but once it chooses to participate, it must comply with all federal requirements.  *See* 42 U.S.C. § 1396a(a)(1). A state that does not comply with federal Medicaid requirements is subject to termination of federal Medicaid assistance.

16.    A state Medicaid agency may contract with medical providers to provide services and supplies to Medicaid recipients in exchange for reimbursement.  Federal law mandates that a state Medicaid program make proper and timely payment for Medicaid services.  *See* 42 U.S.C. §§ 1396a(a)(8), 1396a(a)(10), 1396a(a)(32), and 1396a(a)(37). Additionally, federal regulation requires that the state Medicaid agency receive "reliable evidence" of fraud or willful misrepresentation prior to withholding Medicaid payment from a provider under 42 C.F.R. § 455.23.  Finally, federal law mandates that a state Medicaid program provide a review process for proper and efficient Medicaid payment, a fair hearing when a claim for payment is denied or is not acted upon with reasonable promptness, and five days notice to a provider prior to withholding payment.  *See* 42 U.S.C. § 1396a(a)(3); 42 U.S.C. §1396a(a)(37); 42 C.F.R. § 455.23.

17.    A Plus entered into an annual contract with the OHCA to supply durable medical equipment or medical supplies to Oklahoma Medicaid recipients. The relevant contract term was from January 1, 2007 through December 31, 2007 (the "Contract").

18.    Pursuant to the Contract, A Plus received prescriptions to provide diabetic supplies to Medicaid recipients. A Plus accessed the OHCA computer system to ensure each patient's eligibility to receive supplies under Medicaid and then submitted the prescription to the OHCA. Upon receiving prior authorization from the OHCA, A Plus shipped the prescribed diabetic supplies to the patient and submitted a claim to OHCA for reimbursement. Between 1999 and August 2007, A Plus operated under contract with the OHCA without incident.

## **Withholding**

19.    In September 2007, without the prior notice required by 42 C.F.R. § 455.23, Defendants began manually to withhold reimbursement checks payable to A Plus. The reimbursements owed A Plus date back to September 2007 and total in excess of $200,000 to date. The funds being held by Defendants include not only Medicaid funds owed to A Plus, but also non-Medicaid funds, including funds owed by Medicare and secondary payors.

20.    Not until November 29, 2007, did Defendants notify A Plus that they were withholding payment under 42 C.F.R. § 455.23, on the pretext of fraud by A Plus. Defendants later explained that its suspicion of fraud was based upon documents it obtained from A Plus on September 11, 2007, for 16 Medicaid recipients, and by subpoena on October 1, 2007, which resulted in a production of files for a one-year

6

billing period.  Based upon these documents produced, Defendants claim that A Plus billed for supplies that it did not deliver and have asked for every penny paid to A Plus since 2004.

21.    Defendants' basis for withholding payment to A Plus is unfounded as there is no evidence of fraud or willful misrepresentation, let alone "reliable evidence" required by 42 C.F.R. § 455.23.  A review of all relevant documents reveals that A Plus in fact *was not* paid for any supplies that it did not deliver, and the only supplies A Plus did not deliver were those that could not be processed for delivery due to the fact Defendants locked A Plus out of the processing system on November 20, 2007, without prior notice of any kind.

22.    Moreover, an independent auditor and certified fraud examiner has reviewed the documents provided to Defendants, along with all other relevant records of A Plus, and determined that A Plus has properly billed and sought reimbursement for its services and that there is not the slightest evidence of any impropriety by A Plus.  The auditor conducted several exhaustive analyses and reached the same conclusion with each – Defendants actions against A Plus are completely unfounded.  The auditor's final report and the documents upon which the report is based have been provided to the OHCA.

23.    Defendants' process in withholding payment from A Plus also was fundamentally flawed.  As an initial matter, and as noted above, Defendants did not even provide A Plus with the requisite notice under 42 C.F.R. § 455.23 prior to withholding A Plus' payments. Had Defendants complied with the notice provisions required by federal law, A Plus would have stopped purchasing and shipping diabetic supplies in an attempt

7

to mitigate its damages.  Rather, A Plus continued to ship diabetic supplies to Medicaid recipients, at a mounting loss.

24.    Defendants also arbitrarily changed the reimbursement rate for durable medical equipment without following the procedures outlined in the Medicaid statutes and without regard to the actual wholesale price of the goods that have to be purchased by providers.  In doing so, they have deprived durable medical equipment providers of the opportunity to give comment and input with respect to the new rates and have compromised their ability to purchase and provide life saving products to Medicaid recipients, in violation of 42 U.S.C. § 1396.

25.    Further, Defendants have failed in multiple respects to follow their own process and Oklahoma law in reviewing and/or auditing A Plus with respect to A Plus' purported billing fraud/misrepresentation.  As an initial matter, the OHCA is not the proper entity to investigate Medicaid fraud, as that responsibility is vested in the Oklahoma Attorney General.  *See* 56 Okla. St. § 1003(B).  Although Defendants describe their investigation of A Plus as an informal utilization review, it is this review and the purported results thereof upon which Defendants support their charge of fraud.

26.    In addition to its exercise of improper authority in investigating A Plus, Defendants failed to follow their own procedures for utilization review or audit.  In conducting such a review or audit, the OHCA must examine provider records, develop an initial review report or draft audit containing preliminary findings, and provide for an informal reconsideration period in which the provider may supply relevant information to clear any misunderstandings and/or findings.  The OHCA must then provide a final audit

8

or review report and provide a right to a formal appeal if requested by the provider. *See* Okla. Admin. Code § 317:30-3-2.1(b). Defendants did none of this prior to withholding payment from A Plus.

27.    Rather, on or about September 11, 2007, Kelly Shropshire contacted A Plus and stated he was performing an informal utilization review as an educational exercise to familiarize A Plus with documents the OHCA may seek to review in the future. Shropshire specifically stated his visit was "not an audit or any such investigation." A Plus provided all the files and documentation Shropshire requested at that time for copying, which included information with respect to 16 Medicaid recipients. A Plus also provided Shropshire with a detailed explanation of how A Plus billed and shipped diabetic supplies.  A Plus even put Shropshire in contact with a pediatric diabetic educator at the University of Oklahoma, who explained the pediatric diabetic delivery process to him.

28.    A little over two weeks later, on September 26, 2007, four representatives of the OHCA appeared at A Plus' office, carrying two copy machines.  The OHCA representatives informed A Plus the visit was an extension of the prior utilization review visit. They demanded A Plus immediately turn over an overwhelming number of its files and documents. Due to its limited number of employees, immediate compliance with the OHCA's demand would have made basic operations at the small company impossible; A Plus was unable to suspend operations and provide all of the documentation demanded at that time. A Plus requested that the OHCA representatives provide A Plus with the initial review report of the documents A Plus already provided so that A Plus could address the

OHCA's concerns, as required by the OHCA's own regulations, and at the very least a list of the additional documents now being requested so that A Plus could provide the records with the least interruption to its business. OHCA representatives responded by threatening to get a "search warrant" and stated they were not required to follow any procedures, which are intended to protect the due process rights of entities like A Plus.

29.    On Friday, September 28, 2007, Defendants obtained, via the Oklahoma Attorney General's Office, service of a subpoena duces tecum on A Plus, requiring immediate production of the voluminous information the OHCA had demanded only two days earlier. A Plus personnel were told they would be arrested if they did not comply with the demand for production immediately. Counsel for A Plus arrived in time to reach an agreement with Assistant Attorney General Don Brown, who was not onsite with the investigators demanding the production of documents. The attorneys agreed to limit the scope of production under the subpoena to potentially relevant files and to a one-year time frame. A Plus complied with that agreement and produced the documents subpoenaed on Monday, October 1, 2007, the next business day.

### Termination

30.    On October 25, 2007, less than a month after A Plus challenged the OHCA's strong-arm activity and produced the subpoenaed documents pursuant to agreement with Assistant Attorney General Don Brown, the OHCA gave A Plus notice of its intent to terminate A Plus' Contract for cause, effective November 20, 2007. Defendants informed A Plus it was terminating the Contract on the ground A Plus refused to comply with the OHCA's demand for the immediate production of documents on

10

September 26, 2007.  Defendants also cited as a ground for termination that their review of A Plus' medical records reflected A Plus billed for medical supplies that were not delivered, that A Plus improperly pre-billed on certain supplies, and that A Plus received inflated reimbursements for certain supplies.  The accusation in regard to charging inflated prices for supplies is incorrect on its face based on the OHCA's own regulations in regard to pricing.  The documents A Plus has produced to the OHCA refuted the rest of the allegations.

31.    Termination of a Medicaid provider contract for cause requires the OHCA to give the provider an opportunity for pre-termination review, during which the provider may submit documents and written argument against termination.  *See* Okla. Admin. Code § 317:2-1-12(1)(B).  Further, the OHCA's for cause termination decision is subject to post-termination review.  *See* Okla. Admin. Code § 317:2-1-12(2).

32.    A Plus responded to Defendants' notice of termination in writing by detailed letter to Lynn Mitchell dated November 14, 2007, and referred the OHCA to the documents produced by A Plus reflecting no improper billing.  A Plus also provided the OHCA with additional documents at this time.

33.    On November 21, 2007, after little to no reconsideration, Lynn Mitchell informed A Plus OHCA would still terminate the Contract for cause, in reliance upon the same flawed reasoning given on October 25, 2007.  Defendants also gave A Plus a new termination date of December 15, 2007.  However, the Contract effectively was terminated on November 20, 2007, when Defendants locked A Plus out of the OHCA

11

computer system, denying A Plus the ability to check eligibility and submit claims for reimbursement.

34.     On December 20, 2007, the OHCA sent A Plus a letter renewing the Contract for three additional years, through January 31, 2011.

35.     However, on January 9, 2008, without honoring A Plus' right to post-termination review of the OHCA's for cause termination, Lynn Mitchell suddenly informed A Plus that the Contract was renewed in error and that the OHCA would terminate the Contract *without cause*, effective 60 days from notice, or March 9, 2008. The OHCA incorrectly and improperly claimed this termination of a new contract denied A Plus its previously demanded right to a hearing on the termination for cause of its prior contract.

36.     Defendants issued or caused to be issued to A Plus' patients disparaging and/or defamatory statements that A Plus no longer had a contract with the OHCA and that A Plus' patients would need to seek diabetic supplies elsewhere. As a result, A Plus' reputation with its patients and their health care providers has been sullied and A Plus has lost potential business. Others of A Plus' patients inquired with the alternative suppliers recommended by Defendants but were unable to find suppliers to meet their diabetic needs. As such, A Plus has been providing these patients with supplies on its own nickel. Further, suppliers have been told that A Plus' Contract was terminated, that A Plus could not afford to pay them for supplies, and that they should cease shipping to A Plus. As a result, suppliers have restricted the credit terms upon which they do business with A Plus, A Plus' reputation with suppliers has been sullied, and A Plus has lost potential business.

## Recoupment

37.    On January 7, 2008, two days prior to the relinquishment of the OHCA's

for cause termination in favor of a no cause termination, Kelly Shropshire demanded that

A Plus pay the OHCA close to one million dollars.  His stated basis for the demand was

purported overpayment to A Plus dating back to 2004 for certain medical supplies - -

transparent film, insulin syringes, and infusion sets.  The overpayments, he claimed, were

due to "potential billing errors" relating to the quantity and price of medical supplies.

Mr. Shropshire attached to his letter a list of claims to which the purported overpayments

applied.

38.    Defendants knew they did not have all documents for all of A Plus'

Medicaid patients dating back to 2004, yet they demanded recoupment for all sums paid

dating back to 2004.   At the time Defendants demanded recoupment for purported

overpayments for all of A Plus' patients dating back to 2004, the only documents the

OHCA had from A Plus were the 16 patient files (out of a total of 127) provided on

September 26, 2007, and the documents produced on October 1, 2007, in response to the

agreed subpoena covering only a one-year billing period.  Moreover, if Defendants had in

fact reviewed the documents produced by A Plus, there would have discovered no

evidence of overpayments made with respect to *any* patient for *any* of the years for which

recoupment was sought.

39.    A Plus responded on January 15, 2008, contesting the recoupment demand.

A Plus also requested reconsideration of Defendants' recoupment demand, as well as the

related withholding decision.  Pursuant to this request, A Plus asked that Defendants

provide it with the information, including any review or audit report, upon which the OHCA based its decisions.

40.    On January 16, 2008, the OHCA responded that they would proceed with an informal reconsideration but refused to provide A Plus with any information beyond the list it had attached to its recoupment demand, stating A Plus' request for the information upon which the OHCA based its decisions was "beyond the reconsideration process" and "not germane" to the process.

41.    A Plus engaged an independent auditor and certified fraud examiner to review all of its patient files since 2004, including those A Plus provided to the OHCA on September 11, 2007 and October 1, 2007, and to opine as to Defendants' charges of fraud and improper billing.   The auditor reviewed approximately 127 patient files and has opined that not one reflects any fraud or improper billing.   A Plus has provided the OHCA with the auditor's final report and the documents upon which it is based.

42.    On February 7, 2008, counsel for A Plus and A Plus' auditor met with Kelly Shropshire, Justin Etchison (an auditor for the OHCA), and Chris Bergin (counsel for OHCA), to discuss the basis for the OHCA's withholding, termination, and recoupment decisions. At this meeting, the OHCA representatives stated that it would not provide A Plus with a copy of the OHCA's audit procedures.   Kelly Shropshire explained his methodology in coming to his conclusions, which was flawed at best, since he knew he did not have the documents for the entire period of the OHCA "review."

43.    A Plus has now voluntarily produced to the OHCA over 9,500 pages of documents that illustrate how A Plus properly billed.

14

44.     To date, Defendants refuse to release the Medicaid funds withheld under 42

C.F.R. § 455.23, denies that A Plus has any right to further review in this regard, refuse

to reconsider termination of A Plus' Contract with the OHCA, and refuses to desist in

pursuing recoupment of Medicaid monies properly paid A Plus.  Defendants' abusive and

improper conduct is forcing A Plus out of business and forcing hundreds of Oklahoma's

poorest and youngest, many of whom live in rural parts of the State, to locate the diabetic

supplies they need to stay alive.

## SECTION 1983 VIOLATIONS OF FEDERAL RIGHTS

45.     A Plus incorporates by reference paragraphs 1 through 42 as if fully set

forth herein.

## COUNT I:  Procedural Due Process Violations

46.  ·  Defendants' actions have violated A Plus' rights to procedural due process

of law under the Fourteenth Amendment to the United States Constitution.

47.     A Plus has a property interest in Medicaid reimbursement for its services.

48.     Defendants have deprived A Plus of this property interest by withholding

payment, retaliating against A Plus for insisting on due process, and/or seeking

recoupment of funds paid without giving A Plus proper notice and an opportunity to be

heard.  Further, these actions were done in violation of federal law, specifically 42 U.S.C.

§§ 1396a(a)(8), 1396a(a)(10), and 1396a(a)(32) requiring timely and proper Medicaid

payment; 42 C.F.R. § 455.23, prohibiting withholding of Medicaid payment absent

"reliable evidence" of fraud and five days notice of withholding; and 42 U.S.C. §§

1396a(a)(3) and 1396a(a)(37), requiring fair process in denying Medicaid payment.

15

49.    Defendants actions were arbitrary and capricious.

## COUNT II:  Substantive Due Process Violations

50.    Defendants' actions have violated A Plus' rights to substantive due process of law under the Fourteenth Amendment to the United States Constitution.

51.    Defendants' actions in charging A Plus with fraud, demanding immediate on-site production of approximately 9,500 pages worth of billing records, preventing A Plus from processing claims for pediatric diabetic supplies such that needy diabetic children were left in the lurch with life-threatening illness, retaliating against A Plus for insisting on due process by terminating the Contract and then seeking one million dollars in recoupment, representing to A Plus' patients that A Plus voluntarily terminated the Contract and telling A Plus' suppliers to go elsewhere, all without even reviewing relevant material or having any factual basis for the action is egregiously arbitrary, deliberately intended to injure A Plus, or was conscience shocking in a constitutional sense.

## COUNT III:  Equal Protection Violations

52.    Defendants' actions have violated A Plus' rights to equal protection of law under the Fourteenth Amendment to the United States Constitution.

53.    Defendants make an arbitrary and unreasonable classification among Oklahoma Medicaid providers.    Defendants are discriminating against Medicaid providers of pediatric diabetic durable medical supplies in favor of other Medicaid providers, without any justification.

16

## COUNT IV:  Taking Without Just Compensation

54.    Defendants' actions constitute a taking without just compensation in violation of the Fifth Amendment to the United States Constitution.

55.    Defendants' Medicaid regulation of A Plus, by withholding payment owed and by terminating A Plus' Contract, constitutes unreasonable and overbroad action for which just compensation is due.

## COUNT V:  Impairment of an Obligation of Contract

56.    Defendants' actions have substantially impaired A Plus' obligations of contract in violation of Article I, § 10 of the United States Constitution.

57.    A Plus has a contractual relationship with the State and with Medicaid recipients, as third party beneficiaries, to provide durable medical supplies, including pediatric supplies, pursuant to Medicaid to needy diabetic children.  Pursuant to the OHCA's renewal, this Contract does not expire until January 31, 2011.

58.    Yet, the OHCA has made it impossible for A Plus to perform on the Contract for its intended beneficiaries since November 2007.  The OHCA locked A Plus out of the OHCA computer system, which means A Plus cannot check for Medicaid eligibility and submit claims for reimbursement for the services it is required to provide under the Contract.  Additionally, the OHCA has withheld payment from A Plus, leaving A Plus without any income to purchase and provide the needed supplies to operate under the Contract as required.

## COUNT VI:  Medicaid Statutory Payment Violations

59.     Defendants' actions have violated A Plus' right to Medicaid payment owed, which "shall be furnished with reasonable promptness" under 42 U.S.C. § 1396a(a)(8).

60.     Defendants' actions have violated A Plus' right to Medicaid payment owed, which shall be made available under 42 U.S.C. § 1396a(a)(10).

61.     Defendants' actions have violated A Plus' right to payment for its Medicaid services under 42 U.S.C. § 1396a(a)(32), which provides that "no payment under the plan for any care or service provided to an individual shall be made to anyone other than such individual or the person or institution providing such care or service."

62.     Defendants' actions have violated A Plus' right to Medicaid payment withheld under 42 C.F.R. § 455.23 absent "reliable evidence" of fraud.

## COUNT VII:  Medicaid Statutory Procedural Violations

63.     Defendants' actions have violated A Plus' right to a "fair hearing" prior to denial of payment or unreasonable delay of payment on a Medicaid claim under 42 U.S.C. § 1396a(a)(3).

64.     Defendants' actions have violated A Plus' right to "claims payment procedures which (A) ensure that 90 per centum of claims for payment (for which no further written information or substantiation is required in order to make payment) made for services covered under the plan and furnished by health care practitioners through individual or group practices or through shared health facilities are paid within 30 days of the date of receipt of such claims and that 99 per centum of such claims are paid within 90 days of the date of receipt of such claims, and (B) provide for procedures of

18

prepayment and postpayment claims review, including review of appropriate data with respect to the recipient and provider of a service and the nature of the service for which payment is claimed, to ensure the proper and efficient payment of claims and management of the program" under 42 U.S.C. § 1396a(a)(37).

65. Defendants' actions have violated A Plus' right to five days notice prior to withholding payment under 42 C.F.R. § 455.23.

## SUPPLEMENTAL STATE LAW VIOLATIONS

### COUNT VIII:  Defamation

66. Defendants issued or caused to be issued false statements to A Plus' patients and suppliers. Specifically, Defendants issued or caused to be issued to A Plus' suppliers false statements that A Plus' Contract was terminated, that A Plus could not afford to pay them, and that A Plus could no longer do business with them. Defendants issued or caused to be issued false statements to A Plus' patients false statements that A Plus no longer had a contract with the OHCA and that they could no longer receive supplies from A Plus. Most of these statements were made prior to any notice to A Plus of Defendants' intent to terminate the Contract.

67. The statements to A Plus' suppliers were false because A Plus' Contract was not terminated at the time the statements were made and was not scheduled to be terminated by the OHCA until March 6, 2008, at the earliest, and A Plus was still capable of paying and doing business with its patients and suppliers. The statements to A Plus' patients were false because at the time the statements were made A Plus still had a

contract with the OHCA and A Plus could still send (and indeed was obligated to send) supplies to its patients.

68.    The statements were defamatory in that they harmed A Plus by deterring third persons, namely suppliers, existing patients, and other new business and new patient from associating or dealing with A Plus.

69.    The statements are not privileged.

70.    Defendants' statements were issued recklessly, in bad faith, or intentionally, and were made outside the scope of Defendants' authority.

71.    A Plus suffered injury as a result of the defamation.

## COUNT IX:  Fraud

72.    Defendants concealed a material fact when they failed to notify A Plus that OHCA was withholding A Plus' Medicaid payment.

73.    Defendants had a duty under 42 C.F.R. § 455.23 to disclose to A Plus that the OHCA was withholding Medicaid payment five days prior to the withholding.

74.    Defendants' violated this duty and acted outside the scope of their authority in concealing the fact of withholding.

75.    Defendants gained an advantage by concealing the fact of withholding because A Plus continued to provide supplies under the Contract with Defendants.

76.    A Plus was misled to its prejudice because it continued to purchase and deliver supplies for which it received no reimbursement.

### COUNT X:  Tortious Interference With Contract and Business

77.    A Plus has contracts and business relationships with suppliers, including Gemco Medical, and business relationships with patients.

78.    Defendants interfered with A Plus' contracts and business relationships with suppliers by telling the suppliers that A Plus' Contract with the OHCA was terminated and that A Plus could not afford to pay its suppliers and by directing suppliers to do business elsewhere.

79.    Defendants interfered with A Plus' business relationships with patients by preventing A Plus from processing claims and providing supplies, by falsely informing patients that A Plus no longer had a contract with the OHCA, and by directing patients to seek a different supplier.  Further, the interference resulted in A Plus' patients being told A Plus was being investigated for Medicaid fraud.

80.    Defendants' interference was malicious and wrongful and not justified, privileged, or excusable and was done outside the scope of Defendants' authority.

81.    A Plus suffered damage proximately caused by the interference.

### COUNT XI:  Tortious Interference With Prospective Economic Advantage

82.    A Plus has a business relation or expectancy with suppliers and patients in that A Plus purchases and expects to purchase durable medical supplies from suppliers and provides and expects to provide these supplies to its Medicaid patients.

83.    Defendants knew of this business relation or expectancy.

84.    Defendants intentionally interfered with A Plus' business relation or expectancy with suppliers by telling suppliers that A Plus' Contract with the OHCA was

terminated and that A Plus could not afford to pay its suppliers and by directing suppliers to do business elsewhere.

85.    Defendants intentionally interfered with A Plus' business relation or expectancy with patients by preventing A Plus from processing claims and providing supplies, by falsely informing patients that A Plus no longer had a contract with the OHCA, and by directing patients to seek a different supplier.  Further, the interference resulted in A Plus' patients being told A Plus was being investigated for Medicaid fraud.

86.    Defendants' interference was conducted outside the scope of Defendants' authority.

87.    A Plus suffered damage as a result of Defendants' interference.

### COUNT XII:  Wrongful Termination

88.    A Plus and the OHCA were parties to a Contract terminable at will.

89.    Oklahoma has a clear and compelling public policy goal of providing medical assistance through the OHCA to the financially needy.  This policy is articulated in 63 Okla. St. § 5003.

90.    Defendants' actions in terminating the Contract have violated public policy by forcing one of the few, if only, Medicaid providers of certain pediatric diabetic supplies out of the Oklahoma Medicaid arena.  As a result, many needy diabetic children must scramble for a provider and/or are left completely without a provider to timely satisfy their diabetic needs in accordance with Medicaid law.  Indeed, some Medicaid recipients have been hospitalized and placed in intensive care as a result of their inability to receive needed diabetic supplies.

22

## COUNT XIII:  Breach of the Implied Covenant of Good Faith and Fair Dealing

91.    A Plus and the OHCA were parties to a Contract terminable at will.

92.    Defendants breached the implied covenant of good faith and fair dealing by resorting in bad faith to the termination at will clause in the Contract.  Defendants' conduct was in bad faith and thus outside the scope of their authority.

93.    Defendants' bad faith resort to termination has unfairly deprived A Plus of the fruits of its labor, specifically all Medicaid payment A Plus is owed since August 2007 for A Plus' provision of supplies, which is being withheld by Defendants, and for all future Medicaid payment A Plus reasonably expects to receive with respect to established patients.

WHEREFORE, A Plus requests that this Court (1) declare unlawful and unconstitutional under Rule 57 of the Federal Rules of Civil Procedure Defendants' actions in violating A Plus' right to procedural and substantive due process of law and equal protection of the law under the Fourteenth Amendment, unconstitutionally taking A Plus' Medicaid payment and regulating A Plus without just compensation under the Fifth Amendment, impairing A Plus' obligations of contract under Article I, § 10, and violating A Plus' federal right to Medicaid payment and fair process under 42 U.S.C. § 1396a and 42 C.F.R. § 455.23; (2) permanently enjoin Defendants from holding Medicaid funds owed to A Plus, from pursuing recoupment of funds properly paid to A Plus, and from terminating A Plus' Contract with the OHCA; (3) award A Plus its reasonable attorney fees pursuant to 42 U.S.C. § 1988(b) and costs pursuant to 28 U.S.C. § 1920; and (4) issue judgment in A Plus' favor on its state law claims, awarding it compensatory and

punitive damages together with interest, attorney fees, costs, and any other relief permitted by law and equity.

Respectfully submitted,

s/ Kevin D. Gordon
Kevin D. Gordon, OBA #10826
Rustin J. Strubhar, OBA #15850
Alison M. Howard, OBA #19835
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway
Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
kevin.gordon@crowedunlevy.com
rustin.strubhar@crowedunlevy.com
alison.howard@crowedunlevy.com

-And-

Aletia Haynes Timmons, OBA #11855
TIMMONS & ASSOCIATES, L.L.C.
527 NW 23rd Street, Suite 200
Oklahoma City, Oklahoma 73103
(405) 602-5393
(405) 602-5390 (Facsimile)
atimmons@coxinet.net

**ATTORNEYS FOR PLAINTIFF APMC, INC. d/b/a A PLUS MEDICAL OF OKLAHOMA**

24

## VERIFICATION

STATE OF OKLAHOMA      )
                                ) ss.
COUNTY OF OKLAHOMA    )

      I, Michael Calloway, Owner and Authorized Agent for APMC, Inc., of lawful age, being first duly sworn upon oath, hereby certify that I have read the foregoing Verified Complaint and that the statements contained therein are true and correct to the best of my knowledge and belief.

_____
Michael Calloway

      Subscribed and sworn to before me, a Notary Public within and for the State of Oklahoma, on this 5ᵗʰ day of March, 2008.

_____
Notary Public

My Commission Expires:

(SEAL)

CATHY THOMAS
Notary Public
State of Oklahoma
Commission # 07003884  Expires 04/19/11

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

APMC, INC., d/b/a A PLUS MEDICAL ) 
OF OKLAHOMA, )
 )
　　　　Plaintiff, )
 )
v. )
 )
MICHAEL FOGARTY, Chief Executive ) 　Case No.  CIV-08-249-L
Officer of the Oklahoma Health Care )
Authority; LYNN MITCHELL, M.D., )
State Medicaid Director; KELLY )
SHROPSHIRE, investigator for the )
Oklahoma Health Care Authority, sued )
in their official and individual capacities, )
 )
　　　　Defendant. )

### CORPORATE DISCLOSURE STATEMENT

Plaintiff, APMC, Inc., d/b/a A Plus Medical of Oklahoma, pursuant to Fed.R.Civ.P. 7.1, states that it is wholly owned by Michael and Lillie Calloway. No publicly held corporation owns 10% or more of the stock of APMC, Inc., d/b/a A Plus Medical of Oklahoma.

Respectfully submitted,

s/ Kevin D. Gordon
Kevin D. Gordon, OBA #10826
Rustin J. Strubhar, OBA #15850
Alison M. Howard, OBA #19835
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (FACSIMILE)



PLAINTIFF'S
EXHIBIT
24

kevin.gordon@crowedunlevy.com
rustin.strubhar@crowedunlevy.com
alison.howard@crowedunlevy.com

ATTORNEYS FOR PLAINTIFF

2