# RESPONSE AND COMMENT

Re: Michael L. Calloway, Case No. 09-16011, Adv. No. 10-01043-WV.

FILED
Nov 8, 2010
2010 NOV -9 P 1: 19
U.S. ...... COURT
WESTED ......
DEPUT...

Enclosed is a copy of the first unjustly proposal that plaintiff submitted prior to manipulating the court to request a hearing and avoid court with a jury. The court must understand it is called the **JUSTICE** system, NOT the **JUST US** system.

The proposal (assumption) between the court and plaintiff (Red River Roofing) IS, WAS, and WILL not be acceptable on any terms from Mr. Calloway. As noted in plaintiff's proposal item No. 1 – Asserted claims and item No. 2 – plaintiff's complaint asserted. Again for you......Assertion is a declaration made with **NO** supporting evidence. The document submitted mentioned fees of which none were indicated or included. That's a fact not an assertion. As the court stated you will do as you please as acceptance of a document without my signature. **That is the courts prerogative but that's not the law.**

**MORAL**...expressing or conveying **TRUTHS** or council as to the right conduct rather than on legalities. Knowing the distinction between what is right, wrong, and ethical. I asked the court, "What is your definition of moral"? Since I never received the distinction from the court defining the meaning and/or difference between assertions and facts, to me it is evident where the court stands on MORALS.

Our justice system was and is designed for judges to judge based from their moral obligation which is your conscience that determines right or wrong not your position. In this case instead of practicing what is moral the court did just the opposite....... **immorality**. Violation deliberately accepting untrue statements and causes that was ALL wrong.

The court allowed its judgment and plaintiff to perform immorally. The courts attempt and/or request for me as defendant to sign a statement and agree to false accusations and assertions would be immoral, contradictory, and inappropriate to the law and our justice system. From this point civil disobedience is the exercise that I must adhere to. The court should use the system truthfully; not allow the system to use it falsely. **What were you basing your arbitrary decision on the law or the system?** The law is the law no matter the name or person in charge. First there is GOD'S law then mans law. You should know that the creator takes preference over the creation. If not do not worry that's why I'm here to help. It's not too late ........It's called **C.H.A.N.G.E.** But you must change from the inside out not the outside in.

The court allowed the plaintiff to practice on the grounds of **"ABUSE OF PROCESS"** meaning when the court allows use of the court process to achieve an objective that has NO relation to what the actual process is. Plaintiff has not, can not, and will not find anything relevant in his entire discovery or depositions. This we all know is abuse of court process. If you didn't know then now you do. That's free of charge.

Fret not because of evildoers, neither become envious against them that are unrighteous. Those who prosecute and persecute you for their sake. The day of **RECKONING** will soon come. Reckoning is the day and time for punishment and retribution when you will be forced to deal with your unpleasant situations, crimes, mistakes, or misdeeds that you have avoided. That is not a US code, statute, statement, assertion, accusation, nor journal entry judgment. **THAT IS A FACT!!!**

**Give us this day our daily bread. Forgive us our trespasses (debts) as we forgive those who trespass (debtors) against us. Civil Disobedience meaning I as a citizen have a right and a duty to resist and refrain from a law that is unjust and unfair with violence or civil disobedience. An unjust law is no law at all, and an injustice anywhere is a threat to justice everywhere. I Mr. Michael Calloway (defendant) will choose the latter and follow Gods law. By right, duty, and choice ... I FORGIVE YOU.**

**I AM MORE CONCERNED ABOUT THE JUDGE IN THE WHITE ROBE THAN THE JUDGE IN THE BLACK ROBE.**

If the court chooses to accept judgment without my signature, then the court may accept my signature as on this document to attach and record as follows

Not Agreed to:

Mr. and Mrs. **NO WEAPONS, MORE THAN, AND IF GOD BE FOR US.**

Michael Calloway
P.O. Box 2031
Edmond, Ok 73083
REPRESETATIVE FOR GOD (TRUTH)

2ᵈ 8-1-10
1ˢᵗ - 7-11-10

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | ) |
| | ) |
| MICHAEL L. CALLOWAY SR. And | ) Case No. 09-16011-WV |
| LILLIE E. CALLOWAY, | ) Chapter 7 |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| RED RIVER ROOFING AND | ) |
| CONSTRUCTION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ADV. No. 10-01043 |
| | ) |
| MICHAEL L. CALLOWAY, SR. AND | ) |
| LILLIE E. CALLOWAY, | ) |
| | ) |
| Defendants. | ) |

**AGREED JUDGMENT**

This matter comes on for consideration pursuant to the Complaint filed by Plaintiff, Red River Roofing and Construction, Inc., on March 26, 2010. Defendants Michael L. Calloway, Sr.

Page 1 of 5

and Lille E. Calloway have appeared herein through their answer filed April 26, 2010. In consideration of the Complaint, the stipulation of Plaintiff and Defendants, it is hereby Ordered, Adjudged, and Decreed as follows:

1. On August 24, 2009, Plaintiff obtained judgment against defendant Michael L. Calloway, Sr. in Oklahoma County Case No. CJ-2009-5056 ("State Court Judgment"). As of July 28, 2010, the State Court Judgment has a balance of $23,877.74. Pursuant to Okla. Stat. tit. 12, § 727.1(D), the State Court Judgment accrues post judgment interest at the rate of 18% per annum. The State Court Judgment, and all indebtedness now or hereafter owed thereunder, are hereby determined to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(6). The same shall be, and are hereby, excepted from any discharge granted by this court.

2. An in personam money judgment is hereby granted against defendant Lille E. Calloway for $23,877.74 ("Lillie Calloway Judgment"). The Lillie Calloway Judgment shall accrue interest from the date hereof at 18% per annum. The Lillie Calloway Judgment and all indebtedness now or hereafter owed thereunder (to include all interest and costs accruals) are hereby determined to be non-dischargeable pursuant to pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(6). The same shall be, and are hereby, excepted from any discharge granted by this court.

3. Plaintiff is hereby awarded costs of this action against defendants Michael L. Calloway, Sr. and Lillie E. Calloway, for $1,129.81 ("Costs Judgment"). The Costs Judgment is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(6). The same shall be, and is hereby, excepted from any discharge granted by this court.

4. Defendants are the settlors and trustees of the Michael L. Calloway and Lillie E. Calloway Revocable Trust Dated 7-19-02 ("Calloway Trust"). Defendants and/or the Calloway Trust have certain interests in the following properties and premises located in Oklahoma County, State of Oklahoma:

   **19445 Sportsmans Road, Edmond, OK**, legally described as follows: Lot Five (5), in Block One (1), in Sportsman's Lake Estates I, an addition to Edmond, Oklahoma, according to the recorded plat thereof, including all buildings, improvements, and appurtenances related thereto ("Calloway Homestead"); and



**313 Rockypoint Drive, Edmond, OK**, legally described as follows: Lot Nine (9), Block Nine (9), in Oak Brook Second, an addition to Edmond, Oklahoma, according to the recorded plat thereof, including all buildings, improvements, and appurtenances related thereto ("Rockypoint Property").

The Calloway Homestead is the homestead of the Calloway defendants.

5. The Lillie Calloway Judgment and the Cost Judgment are not subject to the registration procedures of the Uniform Federal Lien Registration Act (Okla. Stat. 68, § 3401, et. seq.). With respect to said judgments, Plaintiff may file one or more Statements of Judgment (per Okla. Stat. tit. § 706) as it may elect, to perfect judgment liens against the Calloways and the Calloway Trusts' interest in real property. (Plaintiff has previously filed a Statement of Judgment in Oklahoma County with respect to the State Court Judgment, and said judgment liens have attached to the Calloway Homestead and the Rockypoint Property).

6. The indebtedness underlying the State Court Judgment and the Lillie Calloway Judgment is for work and materials used in constructing improvements to the Calloway Homestead. Okla. Const. Art. 12, § 2. Furthermore, the Calloway defendants' homestead rights are hereby expressly subordinated to the rights and remedies granted to Plaintiff in this agreed judgment. Defendants shall not seek to avoid under the bankruptcy code, and may not avoid, any present or future judgment liens of Plaintiff against the Calloway Homestead or the Rockypoint Property.

7. By their signatures below, the Calloway defendants bind themselves and the Calloway Trust to the terms of this agreed judgment. Plaintiff's rights and remedies hereunder shall not be, and are not, impaired because some interest in the Calloway Homestead or the Rockypoint Property is held by the Calloway Trust.

8. Defendants' counsel has represented to the court that he is holding in his attorney trust account for the Calloway defendants the sum of $7,500.00. Within five (5) days of the filing of this judgment, counsel shall deliver a trust account check to Plaintiff's counsel, payable exclusively to the order of "Red River Roofing." Said amount shall be applied first to the Costs Judgment, and then to the State Court Judgment. Any payments on the State Court Judgment shall be credited against the Lillie Calloway Judgment, and vice versa.

9. Plaintiff shall not seek in this adversary, or recover, any prejudgment

> **313 Rockypoint Drive, Edmond, OK**, legally described as follows: Lot Nine (9), Block Nine (9), in Oak Brook Second, an addition to Edmond, Oklahoma, according to the recorded plat thereof, including all buildings, improvements, and appurtenances related thereto ("Rockypoint Property").

The Calloway Homestead is the homestead of the Calloway defendants.

5. The Lillie Calloway Judgment and the Cost Judgment are not subject to the registration procedures of the Uniform Federal Lien Registration Act (Okla. Stat. 68, § 3401, et. seq.). With respect to said judgments, Plaintiff may file one or more Statements of Judgment (per Okla. Stat. tit. § 706) as it may elect, to perfect judgment liens against the Calloways and the Calloway Trusts' interest in real property. (Plaintiff has previously filed a Statement of Judgment in Oklahoma County with respect to the State Court Judgment, and said judgment liens have attached to the Calloway Homestead and the Rockypoint Property).

6. The indebtedness underlying the State Court Judgment and the Lillie Calloway Judgment is for work and materials used in constructing improvements to the Calloway Homestead. Okla. Const. Art. 12, § 2. Furthermore, the Calloway defendants' homestead rights are hereby expressly subordinated to the rights and remedies granted to Plaintiff in this agreed judgment. Defendants shall not seek to avoid under the bankruptcy code, and may not avoid, any present or future judgment liens of Plaintiff against the Calloway Homestead or the Rockypoint Property.

7. By their signatures below, the Calloway defendants bind themselves and the Calloway Trust to the terms of this agreed judgment. Plaintiff's rights and remedies hereunder shall not be, and are not, impaired because some interest in the Calloway Homestead or the Rockypoint Property is held by the Calloway Trust.

8. Plaintiff is hereby authorized to file Statements of Judgment (see ¶ 5) and Plaintiff may otherwise protect its interests in any foreclosure or other proceedings now pending or hereafter commenced by any entity involving the Calloway Property and/or the Rockypoint Property. Otherwise, through February 28, 2011, Plaintiff shall forbear from judicial efforts to collect the State Court Judgment, the Lillie Calloway Judgment, and the Costs Judgment (unless permission to do so first be granted by this court). The parties stipulate that the automatic stay applicable to the Calloway Homestead and the Rockypoint Property has been modified so as to permit enforcement of liens against said properties (see order filed May 21, 2010--

      docket sheet item No. 49; see order filed March 1, 2010--docket sheet item No. 43).

9. Plaintiff shall not seek in this adversary, or recover, any attorney fees for prosecution of this adversary to the point of this adversary judgment. Provided however, if the State Court Judgment, Cost Judgment, and Lillie Calloway Judgment are not fully paid, to include all interest accruals, within two (2) years from the filing of this judgment, Plaintiff shall then be entitled to recover from the Calloway defendants, jointly and severally, its reasonable attorney fees subsequently incurred in the collection of said judgments. The amount of said attorney fees shall be determined upon motion to either this court or the state court (but the issue of entitlement is established hereby by agreement of the parties, and may not be subsequently contested by the Calloway defendants). Any such fees subsequently awarded in the state court shall be binding upon Lillie E. Calloway, and may be added by Plaintiff to the Lillie Calloway Judgment, and the State Court Judgment.

10. All of Plaintiff's non-dischargeability claims under 11 U.S.C. § 727(a) are hereby dismissed with prejudice.

11. By their signatures below, the Chapter 7 Trustee and the United States Trustee's do not contest the dismissal with prejudice of Plaintiff's § 727 (a) non-dischargeability claims. Fed. R. Bankr. p. 7041.

# # # #

Agreed:                                             Agreed:

_____   _____
Michael L. Calloway, Sr., Individually, and    Lillie E. Calloway, Individually, and as
as trustee of the Calloway Trust              trustee of the Calloway Trust

Prepared by:                                        Agreed:

_____   _____
DAVID L. NUNN, OBA #14512                   JERRY D. BROWN, OBA#16815

- Of the Firm -                                     -Of the Firm-

DAVID L. NUNN, P.C.                             JERRY D. BROWN, P.C.
PO Box 230                                          5500 N. Western, Ste. 150
Edmond, OK 73083-0230                       Oklahoma City, OK 73118
405-330-4053                                        (405) 841-1000
405-330-8470 (fax)                                (405) 841-1001 (fax)
ATTORNEY FOR PLAINTIFF               ATTORNEY FOR DEFENDANTS

June 3, 2010

Jerry D. Brown, Esq.
5500 N. Western Suite 150
Oklahoma City, OK 73118

**Re: In re Michael L. Calloway and Lillie E. Calloway, Case No. 09-16011, Chapter 7; Red River and & Construction, Inc. v. Michael L. Calloway and Lillie E. Calloway, Adv. No. 10-01043, pending in the United States Bankruptcy Court for the Western District of Oklahoma; Our File No. 246.831**

Dear Mr. Brown:

I thought you might be interested in seeing pictures of the Calloways' home (with tennis court). I am also following up on the proposed adversary judgment I forwarded. I have sent a follow up email, and made a follow up telephone call. There has been no response. We would appreciate the opportunity to discuss the proposed judgment/settlement with you. I look forward to hearing from you about this matter.

Sincerely,

David L. Nunn
For the Firm

DLN:kaw

Enclosures