UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| MICHAEL L. CALLOWAY SR. And ) | Case No. 09-16011–SAH |
| LILLIE E. CALLOWAY, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| RED RIVER ROOFING AND ) | |
| CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. No. 10-01043-SAH |
| ) | |
| MICHAEL L. CALLOWAY, SR. AND ) | |
| LILLIE E. CALLOWAY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF BILL OF COST**
(with Verification by David L. Nunn);

Pursuant to LCvR 54.1. and Local Bankruptcy Rule 1001(a), plaintiff Red River Roofing and Construction, Inc. hereby submits this brief in support of its Bill of Cost filed herein on November 24, 2010 (docket sheet item No.45). In support thereof, Plaintiff would show this court the following:

1.  In this adversary, Plaintiff asserted claims against the debtors/defendants, Michael L. Calloway, Sr. and Lillie E. Calloway, under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4) and (a)(5). Plaintiff also asserted claims under 11 U.S.C. §§ 523(a)(2) and (a)(6). Through a summary judgment motion, plaintiff prevailed in this case on its non-dischargeability claims under 11 U.S.C. §

1

727(a)(4)[1].  A copy of the judgment (adversary docket sheet item No. 42) is attached to the Bill of Costs as PX-1.

    2.    "A prevailing plaintiff is generally one who succeeds on some significant issue in the litigation and thereby achieves some benefit sought in filing the lawsuit."  S. Baicker-McKee, W. Janssen, & J. Corr, Federal Rules of Civil Procedure Handbook 2008, at p. 940 (Thompson-West 2007) ("FRCP Handbook").  Having prevailed in this case on its § 727(a)(4) claims against defendants, plaintiff is the prevailing party in this litigation.

    3.    The court's judgment (adversary docket sheet item No. 42) reserved plaintiff's claims for attorney fees and/or costs, stating that they shall be asserted by the methods and within the times prescribed by Fed. R. Civ. P. 54(d)).  Fed. R. Bankr. P. 7054(a) provides that Fed. R. Civ. P. 54(a)-(c) applies in adversary proceedings.  Under both Fed. R. Bankr. P. 7054(b) and Fed. R. Civ. P. 54(d), a prevailing party is entitled to an award of costs.  Thus, Plaintiff is entitled to an award of costs against the defendants.

    4.    LCvR54.1 (made applicable pursuant to Local Bankruptcy Rule 1001(a)) provides:

> A prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs on the form provided by the Clerk and support the same with a brief.  The bill of costs and brief shall be filed not more than 14 days after entry of judgment.  Any request shall be a separate document from a motion for legal fees.
>
> The verified bill of costs shall have endorsed thereon proof of service upon the opposing party.  The prevailing party shall provide either receipts, documents, or an affidavit in support of the requested itemized costs.  Objections to the allowance of costs must be filed within 18 days from the date the bill of costs was filed.  As soon as practicable after the period for filing objections has elapsed, the Clerk will consider the bill of costs.  After consideration of the bill of costs and any objections, the Clerk will make a disposition and ruling on the bill of costs allowing or

---

[1] The court ruled that all other claims were mooted by this judgment in favor of plaintiff.

disallowing the items in whole or in part. If a bill of costs is properly and timely filed within the time herein specified, the claimed costs may be allowed in full.

LCvR 54.1.

5. 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

6. Plaintiff necessarily incurred expenses of $250.00 charged by the court clerk for the filing of an adversary complaint. An internet payment receipt is attached to the Bill of Costs as PX-2 and in support of this cost item. The $250.00 adversary filing fee charged to plaintiff is a recoverable cost item under 28 U.S.C. § 1920(1).

7. Plaintiff also reasonably and necessarily incurred expenses of $186.50 for obtaining a transcript of debtor/defendants' electronically recorded Meeting of Creditors held December 9, 2009. An Invoice from Vicki Beeler, CSR, is attached to the Bill of Costs as PX-3. This transcript

was ordered by plaintiff's counsel on or about July 21, 2010 for use in the case, and excerpts thereof were used in support of plaintiff's summary judgment motion.  See Appendix in Support of Plaintiff's Motion for Summary Judgment, Combined with Brief in Support ("SJ Appendix")(adversary  docket item No. 28).  This is a recoverable cost item under 28 U.S.C. § 1920(2).   See also  Mitchell v. The City of Moore, 218 F.3d 1190, 1204 (awarding defendant/prevailing party's costs for transcribing depositions taken by plaintiff and relied upon in summary judgment response).

8.	Under the FRCP Handbook, allowable costs include: "[d]eposition expenses, when the transcript is received in evidence or was otherwise reasonably necessary for trial...."  FRCP Handbook, at p. 941.  Plaintiff reasonably incurred expenses of $693.51  for obtaining a transcript of debtor/defendant Michael L.  Calloway, Sr.'s 2004 examination held January 21, 2010.  An Invoice from Vicki Beeler, CSR, is attached to the Bill of Costs as PX-4. This transcript was not merely for discovery purposes, but was obtained for use in the adversary case plaintiff was contemplating filing, and did file on March 26, 2010.  Furthermore, excerpts of the 2004 transcript were used in support of plaintiff's summary judgment motion.  See SJ Appendix" (adversary docket item No. 28).  This  should be determined to be a recoverable cost item under 28 U.S.C. § 1920(2).

9.	Plaintiff  reasonably incurred $195.00  in costs with the Oklahoma Secretary of State and the Arkansas Secretary of State in the making of copies of documents and materials for use in this case.  Invoices and/or payment receipts (with additional pages/documents related thereto) and supporting these charges are attached to the Bill of Costs as PX-5 through PX-8 (with minor redactions deemed appropriate by below counsel).

10.	Plaintiff  reasonably incurred $112.81 in costs with Fed Ex Office in scanning 379

pages of documents for Plaintiff's SJ Appendix, and otherwise putting them into an Adobe Acrobat/PDF image suitable for filing with the court. An invoice supporting this charge is attached to the Bill of Costs as PX-9 .

11. Plaintiff reasonably incurred $213.36 in costs at 8 cents per page with Ikon Office Solutions to make 2,667 copies of documents , of which 2070 were used as described below for Plaintiff's summary judgment motion and the SJ Appendix, and for which of $165.60 is sought as an allowable costs item:

   A. Service Copies for Michael L. Calloway, Sr.-- 414 pages (i.e., 35 for motion, plus 379 for appendix)  x 8 cents per page, for a total of $33.12;

   B. Service Copies for Lillie E. Calloway--414 pages (i.e., 35 for motion, plus 379 for appendix)  x 8 cents per page, for a total of $33.12;

   C. Copy for Court's Use (Judge Hall)--414 pages (i.e., 35 for motion, plus 379 for appendix)  x 8 cents per page, for a total of $33.12;

   D. Copy for Court's Use (April Bergdall Eberle)--414 pages (i.e., 35 for motion, plus 379 for appendix)  x 8 cents per page, for a total of $33.12;

   E. Copy for Red River Roofing and Construction--414 pages (i.e., 35 for motion, plus 379 for appendix)  x 8 cents per page, for a total of $33.12.

An Ikon Document Solutions invoice supporting this charge is attached to the Bill of Costs as PX-10.

12. Plaintiff reasonably incurred $75.90 in costs with David L. Nunn, P.C. for copying 759 documents at 10 cents per page and so as to make the below described copies of certain bank records (from JP Morgan Chase Bank) attached to certain Request for Admissions, mailed to the defendants on August 23, 2010:

   Attachment to Request for Admission Mailed to Michael L. Calloway, Sr.-- 253 pages x 10 cents per page, for a total of $25.30;

> Attachment to Request for Admission Mailed to Lillie E. Calloway--253 pages x 10 cents per page, for a total of $25.30;
>
> David L. Nunn, P.C. File Copy of foregoing--253 pages x 10 cents per page, for a total of $25.30.

The below Verification of David L. Nunn is offered in support of these charges, and specifically, the copy count and that the copy charge was 10 cents per page.

13. Plaintiff reasonably incurred $9.30 in costs with David L. Nunn, P.C. for copying 93 documents at 10 cents per page and so as to make the below described copies of certain bank records (from Tinker Federal Credit Union) attached to certain Request for Admissions, mailed to the defendants on August 23, 2010:

> Attachment to Request for Admission Mailed to Michael L. Calloway, Sr.-- 31 pages x 10 cents per page, for a total of $3.10;
>
> Attachment to Request for Admission Mailed to Lillie E. Calloway--31 pages x 10 cents per page, for a total of $3.10;
>
> David L. Nunn, P.C. File Copy of foregoing--31 pages x 10 cents per page, for a total of $3.10.

The below Verification of David L. Nunn is offered in support of these charges.

14. Plaintiff reasonably incurred $74.40 in costs with David L. Nunn, P.C. for copying 744 documents at 10 cents per page and so as to make the below described copies of documents mailed to defendants on August 20, 2010 (per the scheduling order's requirement to disclose known exhibits):

> 372 pages x 10 cents per page, for a total of $37.20;
>
> 372 pages x 10 cents per page (DLNPC's copy), for a total of $37.20.

The below Verification of David L. Nunn is offered in support of these charges.

15.     The foregoing copy charges (items 9 through 14) total $633.01.  Said costs are recoverable cost items under 28 U.S.C. § 1920(4).  See also Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995) (where trial court awarded $1,263.83 for "'the costs of making copies of all pleadings and other documents filed with the court and tendered to plaintiff, minus amounts requested by defendant for internal convenience copies'") quoting appellate brief.

Wherefore, based upon the foregoing arguments and authorities, plaintiff's Bill of Costs should be approved, with costs in the amount of $1,763.02 being assessed against the defendants, jointly and severally, with said costs being added to its judgment.  Plaintiff also asks for such other relief as the court deems just.

                                                                                               Respectfully submitted,

                                                                                               /s/ David L. Nunn
                                                                                               DAVID L. NUNN, OBA #14512
                                                                                               -Of the Firm-
                                                                                               DAVID L. NUNN, P.C.
                                                                                               PO Box 230
                                                                                               Edmond, Oklahoma 73083-0230
                                                                                               (405) 330-4053
                                                                                               (405) 330-8470 (fax)
                                                                                               ATTORNEY FOR PLAINTIFF

VERIFICATION OF DAVID L. NUNN

I, David L. Nunn, pursuant to 28 U.S.C. 1746, of lawful age, hereby state that I am the President of David L. Nunn, P.C. ("DLNPC"), I have read the foregoing Brief in Support of Bill of Costs, and that I am familiar with the factual matters set forth therein. Based upon facts known to me, and in reliance upon the books and records of DLNPC, I hereby state as follows under penalty of perjury: (1) The internet billing receipt attached to the Bill of Costs as PX-2 is a bona fide internet receipt available on PACER, and represents the $250.00 filing fee actually paid by DLNPC on behalf of Red River Roofing in connection with this adversary case; (2) The invoices and/or expense receipts attached to the Bill of Costs as PX-3 through PX-10 are bona fide business record of DLNPC, represent actual costs incurred in relation to this case and that I am the custodian of records for DLNPC; (3) The counts for copying by DLNPC related to the cost items at paragraphs 11-14 are, to the best of my knowledge and belief, true and correct counts, and the 10 cents per page copying charge for DLNPC made copies is the per page copying charge made by DLNPC to Red River Roofing.

Executed this 24th day of November, 2010 in at the place/street address listed immediately below my signature.

/s/ David L. Nunn  
David L. Nunn, President  
David L. Nunn, P.C.  
17 East First Street  
Edmond, OK 73034

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2010 I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit the above and foregoing pleading to the following:

Herbert M. Graves Ustpregion20.oc.ecf@usdoj.gov  
Lyle R. Nelson lyle@lylenelsonlaw.com, ok04@ecfcbis.com  
David L. Nunn dnunn@davidlnunnpc.com

This is to further certify that the above and foregoing was mailed, postage prepaid, on the 24th day of November, 2010 to the following entities:

Michael L. Calloway, Sr.  
PO Box 2031  
Edmond, OK 73083-2031

Lillie E. Calloway  
PO Box 2031  
Edmond, OK 73083-2031

/s/ David L. Nunn  
David L. Nunn